Zimmerman, J.
 

 By the process of elimination this controversy has narrowed down to one between the Van Wert National Bank and the General Excavator Company, each claiming a prior right to the fund described. The bank claims preference through the purported assignment of April 3, 1930, while the excavator company asserts priority through its purported assignment dated December 9, 1930, which was accepted by the auditor of Van Wert county, acting as fiscal agent for the joint board of county commissioners.
 

 The validity and sufficiency of the assignment to the bank is challenged on two principal grounds: First, that there was no acceptance thereof by the auditor of Van Wert county in his capacity of fiscal agent, and, second, that the warrants being drawn in favor of the contractor, such reservation and control of the funds on his part is shown as to destroy any effectiveness the assignment might otherwise have had.
 

 The further contention is made that if the assignment is good, it should be limited under its. terms to those estimates due and to the amount of loans made on the date of its execution.
 

 It is established in Ohio,, and by the weight of authority elsewhere, that money due and to become due under an existing contract is subject to assignment, the assignment attaching to each installment as it becomes due and payable to the assignor.
 
 Public Finance Co.
 
 v.
 
 Rowe,
 
 123 Ohio St., 206, 174 N. E., 738, and Ohio cases cited therein;
 
 Seymour
 
 v.
 
 Finance &
 
 
 *165
 

 Guaranty Co.,
 
 155 Md., 514, 142 A., 710;
 
 Fairbanks
 
 v.
 
 Crump Irrigation & Supply Co.,
 
 108 Cal. App., 197, 291 P., 629;
 
 Hinkle Iron Co.
 
 v.
 
 Kohn,
 
 229 N. Y., 179, 128 N. E., 113;
 
 King
 
 v.
 
 Hardin Lumber Co.
 
 (Tex. Civ. App.), 187 S. W., 401;
 
 Bryan
 
 v.
 
 Askin & Marine Co.,
 
 146 S. C., 520, 144 S. E., 231; 5 Corpus Juris, 864,
 
 et seq.; 2
 
 Ruling Case Law, 599,
 
 et seq.
 

 This is
 
 an equitable action and is controlled by equitable principles. Tbe consent of a debtor,
 
 i.e.,
 
 tbe one obligated to an assignor, is not required to an assignment, even though it be for only a part of an entire debt or claim. Such assignment will be enforced against the debtor in equity.
 
 Pittsburgh, C., C. & St. L. Ry. Co.,
 
 v.
 
 Volkert,
 
 58 Ohio St., 362, 50 N. E., 924; 80 A. L. R., note beginning at page 414.
 

 Was the purported assignment to the Van Wert National Bank sufficient to support the bank’s present claim?
 

 An equitable assignment needs no particular form and may even be oral. So long as there is an intention on one side to assign and an intention on the other to accept, supported by sufficient consideration, and disclosing a present purpose to make an appropriation of a debt or fund, it is enough. 2 Ruling Case Law, 614; 5 Corpus Juris, 910.
 

 Since intent is the controlling factor, it is to be ascertained from all the language used, construed in the light of the surrounding circumstances. The object to be accomplished through the assignment may, therefore, be taken into consideration, as well as the conduct of the parties.
 

 In the present case, Roos obviously required financial assistance to carry out the contract. The bank was willing to lend it, upon adequate protection. The evident desire of the parties was to give the bank protection to the extent of the money which might be loaned in order to complete the contract. Therefore, to limit the first paragraph of the communication of
 
 *166
 
 April 3, 1930, addressed by Boos to tbe auditor of Van Wert county, to such estimates as were then due, and to the amount of money then loaned, would be placing a construction upon it not in accord with tbe purpose to be served or with tbe intent of tbe parties..
 

 If tbe second paragraph of this communication stood alone, it would of course be insufficient to create an assignment; but when read in connection with tbe first paragraph, and when tbe conduct of tbe parties in relation to tbe sums which became due to Boos from time to time upon tbe estimates is considered, we think the requirements of an equitable assignment are sufficiently met.
 

 Even though most of tbe warrants were made out in tbe name of tbe Excavation and Construction Company, under which name Boos did business, they were, with but two exceptions, collected by'the bank, and tbe bank exercised such dominion and control over tbe funds so collected as to constitute an appropriation thereof. Tbe fact that tbe bank did not satisfy its loans at once out of tbe moneys received did not operate to destroy tbe effectiveness of its assignment, which covered tbe entire amount due and to become due under tbe contract.
 

 There are two distinct and diverse rules in regard to tbe priority rights of different assignees of tbe same fund in the hands of a debtor. Tbe one adopted in England, and perhaps in a majority of tbe states of this country, is that tbe assignee who first gives notice of bis claim to tbe debtor is preferred, unless be bad knowledge of an earlier assignment or unless bis assignment is without a valuable consideration. Tbe other rule, adopted in some of tbe states and in tbe federal courts, is that among successive assignees tbe one prior in point of time should prevail, irrespective of notice. 31 A. L. R., note beginning at page 876; 2 Pomeroy’s Equity Jurisprudence (4th Ed.), 1396
 
 et seq.;
 
 5 Corpus Juris, 953,
 
 et seq.; Fairbanks
 
 v.
 
 Crump
 
 
 *167
 

 Irrigation & Supply Co., supra; Wilson
 
 v.
 
 Duncan
 
 (5th C. C. A.), 61 Fed. (2d), 515;
 
 First National Bank
 
 v.
 
 Bangor Trust Co.,
 
 297 Pa., 115, 146 A., 595;
 
 Standard Oil Co.
 
 v.
 
 Powell Paving & Contracting Co.,
 
 139 S. C., 411, 138 S. E., 194.
 

 Here the assignment to the bank was first in point of time and was first brought to the attention of the auditor as fiscal agent. The
 
 maxim“Qui prior est tempore, potior est jure”
 
 applies with double force.
 

 Our opinion being that the bank has a valid and enforceable assignment entitling it to receive the fund in question, it becomes unnecessary to discuss or decide the other matters presented by counsel.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Matthias and Bevis, JJ., concur.