Aetna Casualty & Surety Co., Appellee, *v.* Hensgen, d. b. a. George Hensgen Co., Appellant.

[Cite as Aetna Cas. & Sur. Co. v. Hensgen (1970), 22 Ohio St. 2d 83.]

(No. 69-259—Decided April 22, 1970.)

*Mr. Marvin N. Kolstein* and *Mr. William H. Ruger,* for appellee.

*Mr. Louis A. Ginocchio,* for appellant.

*Per Curiam.* * Defendant contends first that plaintiff seeks to hold defendant liable for the negligence of defendant's employee Benvie, that Benvie is dead and any liability of his estate is barred by "the statute of limitations" (apparently R. C. 2117.06, 2117.07 and 2117.37, sometimes referred to as the nonclaim statutes), and that therefore plaintiff cannot recover from defendant.

For the purposes of this opinion and since no party has contended otherwise, we will assume that, if legal proceedings against Benvie's estate by Lovett or his subrogee are barred by a statute of limitations, an action for the same cause by Lovett or his subrogee, the plaintiff, against defendant would be barred. Further, since no such question has been raised by either party, we express no opinion on the potential question as to whether the statutory provisions claimed to bar liability of Benvie's estate represent a "statute of limitations." Defendant argues that they do and plaintiff does not oppose that argument.

R. C. 2309.08 reads in part:

---

*This opinion was prepared by TAFT, C. J., and concurred in by all members of the Court, but CHIEF JUSTICE TAFT'S death intervened before the decision was announced.

"The defendant may demur to the petition only when it appears on its face that:

" * * *

" (I) the action was not brought within the time limited for the commencement of such action * * *.''

The essential foundation of this contention of defendant is that this action was not brought within the time limited for its commencement.

Defendant did not demur to the petition.

R. C. 2309.10 reads:

"When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant has waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action.''

No objection, with respect to plaintiff's action not being brought within the time limited for its commencement, is set forth in the answer.

Defendant relies upon *Wentz* v. *Richardson* (1956), 165 Ohio St. 558, 138 N. E. 2d 675, as authorizing the raising of the statute of limitations as a bar otherwise than by demurrer or answer. In that case, this court approved the granting of a motion to dismiss where it was "apparent from the entire record * * * that the period of limitation" had "run." That motion was filed within the time for filing a demurrer. In effect, this court treated the motion there made before answer day as a special demurrer based on the statute of limitations. Thus, there was no basis in that case for concluding that there had been a waiver of any statute of limitations objection within the meaning of R. C. 2309.10.

Defendant suggests that his cross-petition against the executrix of Benvie's estate raised the objection of the statute of limitations. It is stated therein, so far as pertinent:

"This defendant states that if it should be determined in this cause that this defendant is liable in damages to the plaintiff, which this defendant denies, said liability will

have arisen from actions of said employees and not from any actions of this defendant.

"This defendant states that defendant executrix has made claim against this defendant for an unstated amount as a result of certain business transactions entered into by and between this defendant and said decedent, which claims this defendant has denied.

"Defendant states, in the event he is found liable in damages to plaintiff herein as a result of any actions of decedent * * * Benvie, that defendant executrix is liable to this defendant for said damages to the extent that this defendant may be found liable to said executrix on her said claim against this defendant."

This cross-petition does not indicate any intention of defendant to rely upon any statute of limitations as an objection to plaintiff's action.

We conclude therefore that, where a defendant fails to raise the objection that an alleged cause of action was not brought within the time limited for the commencement of such action, by a demurrer or by answer or in any other manner before filing an answer, such defendant thereby waives that ground of objection.

Defendant contends next that an insurance company cannot maintain a tort action against a contractor, wherein it alleges that it is subrogated to its insured's claim against the contractor for fire loss to the insured's residence and its contents, without establishing the existence of the insurance policy and the payment of a premium by the alleged insured.

We deem it unnecessary to determine whether plaintiff did establish the existence of any insurance policy. Likewise, we deem it unnecessary to determine whether there was payment of any premium on such a policy.

In our opinion, it was unnecessary to establish the existence of such a policy or payment of a premium thereon because plaintiff did establish the existence of a subrogation and assignment agreement which provided for vesting in it any claim of the owner Lovett against the defend-

ant contractor for the fire damages alleged to have been proximately caused by the negligence of that defendant.

Findings of fact of the trial court, which have not been questioned by defendant, include the following:

"2. The building was damaged in the amount * * * of $40,356.35.

"3. * * * Lovett received from the plaintiff the sum of $40,356.35 and assigned all his rights thereto to the plaintiff."

The record establishes that, when Lovett received full payment of that amount, he signed a "second and final" document which reads so far as material:

"Received of * * * [plaintiff] the sum of * * *($20,-117.48) in full settlement of all claims and demands of the undersigned for loss and damage by fire accruing on the 31st day of January * * * 1966, to the property described in policy number * * *.

"(Full payment under policy now totals $40,356.35.)

"In consideration of and to the extent of said payment the undersigned hereby subrogates said insurance company, to all of the rights, claims and interest which the undersigned may have against any person or corporation liable for the loss mentioned above, and authorizes the said insurance company to sue, compromise or settle in the undersigned's name or otherwise all such claims * * *."

An insurer can establish what in effect amounts to an assignment of the rights of its insured against one who wrongfully causes damage covered by the insurance without any agreement for its being subrogated to or any assignment to it of such rights. In such an instance, it may be necessary for the insurer to establish not only the amount of its payment but also the existence of its insurance. See *Aetna Casualty & Surety Co.* v. *Buckeye Union Casualty Co.* (1952), 157 Ohio St. 385, 393, 105 N. E. 2d 568; *Royal Indemnity Co.* v. *Becker* (1930), 122 Ohio St. 582, 588, 173 N. E. 194. Cf. *Peterson* v. *Ohio Farmers Ins. Co.* (1963), 175 Ohio St. 34, 38, 191 N. E. 2d 157.

However, a cause of action to recover for fire damage

to property is assignable. *Cincinnati* v. *Hafer* (1892), 49 Ohio St. 60, 65, 66, 30 N. E. 197. See R. C. 2311.21; *State, ex rel. Crow,* v. *Weygandt* (1959), 170 Ohio St. 81, 162 N. E. 2d 845; *Grant* v. *Admr. of Ludlow* (1857), 8 Ohio St. 1.

Thus, there is no reason why such a cause of action may not be assigned to another party for a valid consideration. Such an assignee is not a volunteer, because he happens to have been an insurer against such fire damage to that property.

In a broad sense, one person is subrogated to certain rights of another person where such one is substituted in the place of such other person so that such one succeeds to those rights of such other person. 2 Bouvier's Law Dictionary (Rawles Third Rev. 1914), 3167; Webster's Third New International Dictionary.

Thus, where for a valid consideration a person agrees that another person is to be subrogated to certain rights, such other person is thereby substituted in the place of such person with respect to and succeeds to those rights and in effect thereby becomes an assignee of those rights.

We conclude therefore that, where an insurer claims to have insured property against damage by fire and claims to have paid the owner thereof a substantial amount for damage by fire to such property and proves that it did pay a substantial amount to that owner and received from the owner at that time a writing signed by such owner stating that such owner "subrogates" such insurer "to all of the rights, claims and interest which" such owner "may have against any person or corporation liable for the loss," such insurer may maintain an action to recover from one who negligently caused such loss without establishing the existence of any policy of insurance or the payment of any premium thereon.

Defendant contends further that, where, in a written contract for the remodeling of an owner's residence, the owner agrees with the contractor to furnish property insurance for their mutual protection and fails so to do, the owner's insurance company, as subrogee, cannot maintain an action against the contractor based on a claim that the

employees of the contractor negligently caused a fire to the owner's residence.

This contention of defendant is based upon defendant's claim that there was a written contract for the work that defendant was doing at the time of the fire, under which contract the owner agreed with the defendant-contractor to furnish property insurance for their mutual protection, and that the owner failed to furnish such insurance for the protection of the defendant.

As demonstrated by our decision in *United States Fire Ins. Co.* v. *Phil-Mar Corp.* (1956), 166 Ohio St. 85, 139 N. E. 2d 330, since the insurer is subrogated to or an assignee of "only * * * the rights of" its insured or assignor, it would have no right to recover from the defendant for defendant's negligence causing the fire if its insured did not have a right of recovery therefor. Likewise, the insurer would have no right to recover from defendant for such negligence if the insured had agreed with the defendant to furnish fire insurance for the mutual protection of the owner and the defendant contractor, and had failed to furnish such insurance protection to the defendant.

However, as plaintiff argues, it was not necessary for plaintiff to allege or prove, and plaintiff did not allege or prove, any contract for that work in order to establish the cause of action against defendant alleged in the petition. Proof of such a contract by the insured to provide insurance for the protection of the defendant and the breach of such a contract would represent "new matter constituting a defense" within the meaning of Section 2309.13, Revised Code, which reads in part:

"The answer shall contain;

" * * *

"(B) A statement in ordinary and concise language of new matter constituting a defense * * * ."

There was no statement in defendant's answer about any construction contract or its breach.

Although Section 2309.58, Revised Code, authorizes this court "in furtherance of justice" even after judgment to amend a pleading "by conforming the pleading

\* \* \* to the facts proved," it does so only "when the amendment does not substantially change the claim or defense." In our opinion, an amendment to defendant's answer, that stated the agreement now relied upon by defendant about insurance and the breach of that agreement, would substantially change the defense.

Also, we have considerable doubt whether such amendment would be "in furtherance of justice." The part of the written contract relied upon is set forth on page two of the contract under the headings "Specifications" and "Preliminaries" and reads merely:

"D. Property insurance by purchasers."

On the first page of the contract defendant had proposed "to furnish all labor and material required for the contruction \* \* \* in compliance to specifications attached \* \* \* ."

The contract is susceptible of a reasonable interpretation that the owner ("purchasers") was only to provide himself with property insurance. Certainly, it does not unambiguously impose an obligation on the owner to provide the contractor-defendant with property insurance protection.

If defendant intended to rely upon such an obscure and ambiguous part of this contract as imposing upon the owner an obligation to furnish property insurance protection for the defendant, as well as for the owner, the plaintiff should have been warned by the defendant's answer so that the plaintiff could be prepared with any available evidence which might clarify the ambiguity of that part of the contract.

As to this contention of defendant, we conclude that, where an owner of property damaged by fire or his assignee or his subrogee sues a construction contractor to recover for negligently causing that fire damage, the contractor cannot rely upon an agreement of the owner to provide fire insurance to protect the contractor unless such agreement is alleged in the petition or the contractor has affirmatively pleaded such agreement as a defense.

It is next contended that contributory negligence of the owner was a proximate cause of the fire and thus bars

plaintiff's recovery. In order to support the directed verdict for the defendant on the ground that the owner's contributory negligence proximately caused the fire, it would be necessary to conclude as a matter of law that the owner's contributory negligence was a proximate cause of the fire. The record certainly cannot support such a conclusion.

Defendant next contends that plaintiff-insurer cannot recover from the defendant-contractor because it failed to plead or prove that it had, before settlement with the insured owner, given any notice to the defendant contractor of its intention to seek indemnity from the defendant. In support of this contention, *Globe Indemnity Co.* v. *Schmitt* (1944), 142 Ohio St. 595, 53 N. E. 2d 790, and *Maryland Casualty Co.* v. *Frederick Co.* (1944), 142 Ohio St. 605, 53 N. E. 2d 795, are cited. Those cases relate to the right of a tort-feasor, who is secondarily liable, or the assignee or subrogee of such tort-feasor, to recover indemnity from a tort-feasor primarily liable. The instant action is not based upon any right of indemnity but is based upon the cause of action of the property owner for recovery for his loss from the contractor claimed to have negligently caused that loss. As heretofore stated, that cause of action is assignable, and it has in effect been assigned to plaintiff. Plaintiff's action is for recovery on that cause of action and not, as in the *Globe Indemnity* and *Maryland Casualty Co.* cases, for recovery of the amount of any settlement of that cause of action. The only purpose of notice to defendant with respect to such an assignment would be to protect plaintiff as against any subsequent assignee of that cause of action. See *General Excavator Co.* v. *Judkins* (1934), 128 Ohio St. 160, 190 N. E. 389.

In seeking recovery on that cause of action, plaintiff will not only have to establish the assignment thereof to it but will also have to establish what its assignor, the owner, would have had to establish in order to recover thereon from the defendant.

The Court of Appeals was correct in reversing and remanding the cause to the Common Pleas Court for further proceedings, although the reason advanced by it (that

94

the Common Pleas Court judgment was against the weight of the evidence) was obviously incorrect since no question as to the weight of the evidence could have been involved where the Common Pleas Court had directed a verdict for the defendant.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.