In re Cynthia L. **BELL**, Debtor.

Cynthia L. **BELL**, Plaintiff,

v.

**INTERNAL REVENUE SERVICE,**
Defendant.

Bankruptcy Nos. 93–3325, 93–32515.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

April 6, 1995.

Robert G. Trusiak, Toledo, OH, Carina J. Campobasso, Washington, DC, for defendant.

Vaughn Hoblet, Toledo, OH, for plaintiff.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtor's Motion for Summary Judgment, Memorandum in Support, and Reply; and Internal Revenue Service's Motion in Opposition, Memorandum in Support, and Notice of Filing. This Court has reviewed the arguments of Counsel, exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Debtor's Motion for Summary Judgment should be Denied, and that the matter should be scheduled for Trial.

### FACTS

The present case concerns two consolidated adversary proceedings related to the Debtor's Chapter 7 bankruptcy. The first was initiated upon Debtor's Complaint to determine the dischargeability of the Debtor's debt to the Internal Revenue Service (hereafter "IRS"), under § 523 of the Bankruptcy Code. The second was initiated upon the Objection of the Internal Revenue Service to the Debtor's Discharge under § 727(b) of the Bankruptcy Code. These cases having been consolidated, Debtor filed the present Motion for Summary Judgment.

The IRS's claim against Debtor is for income taxes in excess of Sixty Thousand Dollars ($60,000.00) due as the result of a joint tax return filed by Debtor and her former husband. According to Debtor, these taxes arose from her former husband's ownership in a construction business in Texas in 1985. In 1987, Debtor was divorced from her former husband, and in 1989 married her present husband, Bradley R. Bell. On May 14, 1990, Bradley R. Bell bought a home in Port Clinton, Ohio. This home was titled in both Debtor and her husband's name. In June of 1993, Debtor quit-claimed her interest in the home to her husband. In August of 1993, Debtor filed for bankruptcy. It is the quit-claim transfer of this property which is the subject of the present litigation.

The IRS claims that Debtor should be denied a discharge for transferring property to her spouse who is not liable for the 1985 income tax liability. Debtor claims that she was listed on the title of the property by mistake, and that she and her husband intended to title the property only in his name, as he has paid and continues to pay all costs associated with the house, including the mortgage. Thus, Debtor claims that the title in her name created a trust for the benefit of her husband, and the transfer of her interest in the property to him is only a termination of that trust.

### LAW

The Bankruptcy Code provides in pertinent part:

**11 U.S.C. § 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228[a] 1228(b), or 1328(b) of this title does

not discharge an individual from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

**11 U.S.C. § 727. Discharge**

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed or destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition.

The Bankruptcy Rules provide in pertinent part:

**Rule 7056. Summary Judgment**

Rule 56 F.R.Civ.P. applies in adversary proceedings.

The Federal Rules of Civil Procedure provide in pertinent part:

**Rule 56. Summary Judgment**

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

### DISCUSSION

■ Determinations concerning the denial of discharge and the dischargeability of a particular debt are core proceedings pursuant to 28 U.S.C. Section 157. Thus, this case is a core proceeding.

In support of her Motion for Summary Judgement, the Debtor has filed submitted affidavits of herself and her present husband, Bradley R. Bell, in which they state that they did not intend to have the Port Clinton home titled in both names when the home was purchased. Rather, they contend that it was their intent to have the title in only her husband's name, who has paid all costs associated with the home. Thus, it is Debtor's contention that the Debtor's interest in the joint ownership of the home constitutes a trust, and the transfer of the home was only a termination of that trust. In the IRS's Motion in Opposition, the IRS stated that at trial it will show that Debtor transferred the property with the intent to defraud creditors, and that Debtor should not be granted summary judgment based solely on the affidavits of parties in interest.

In Debtor's Reply, Debtor argues that under the Supreme Court's "New Era" standards for summary judgment established in *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the IRS has not met its burden of showing a material issue of fact through the use of affidavits or other documentary evidence. (See *Street v. J.C. Bradford & Company,* 886 F.2d 1472, 1476 (6th Cir.1989), for a discussion of the dramatic changes brought about by these cases.) The IRS has since filed the affidavit of Sheila Walsh, a revenue officer of the IRS, as well as copies of the title, quitclaim deed, mortgage, and other documents associated with the subject property. Debtor has not objected to this filing.

■ A review of the Supreme Court's recent holdings regarding Federal Rules of Civil Procedure 56 summary judgment is necessary in this case. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex,* 477 U.S. at 317, 106 S.Ct. at 2552. As the Supreme Court stated, "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* However, the initial burden is borne by the moving party to show an absence of any genuine issue of fact. The moving party can discharge this burden either by coming forward with evidence showing the absence of a genuine issue of material fact, or by "showing" that there is no such issue by pointing out to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. at 2554. There is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials. *Id.* at 323, 106 S.Ct. at 2553.

▮ The party opposing the motion for summary judgment bears the burden after the moving party has met its burden of coming forward and showing an absence of any genuine issue of material fact. *Id.* at 322, 106 S.Ct. at 2252. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356. The opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. To this end, the opposing party must, "go beyond the pleadings[,] and by her own affidavits, or by the depositions, answers to interrogatories, and admission on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553 (quotations omitted). Thus, as the Court noted in *Anderson*, the non-moving party must show more than the, "mere existence of some alleged factual dispute between the parties to defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

▮ A "material fact" is one that might affect the outcome of the suit under the governing substantive law. *Id.* This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. *Id.* at 252, 106 S.Ct. at 2511. (Thus, in *Anderson* the Court held that the trial Court must consider the "clear and convincing" standard when ruling on a motion for summary judgment in a slander case. *Id.* at 257, 106 S.Ct. at 2514.) Further, the dispute about a material fact must be "genuine." *Id.* at 248, 106 S.Ct. at 2510. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which states that a trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Id.* at 252, 106 S.Ct. at 2511.

▮ Though the non-moving party bears the burden of coming forward with facts upon a properly posited motion for summary judgment, the non-moving party is not required to come forward with evidence in a form that would be admissible at trial. *Id.* at 323, 106 S.Ct. at 2553. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves[.]" *Id.* Further, on summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

In the case at bar, the Debtor argues that upon her filing of the affidavits of herself and her husband along with her Motion for Summary Judgment, the burden has shifted to the IRS to produce facts showing a likelihood of evidence for each and every element of its claims. (It should be noted that though the Debtor in the one of the present adversary proceedings is the Plaintiff, it is the IRS who bears the ultimate burden of proof at trial on the substantive issues created in the Bankruptcy Code under both the applicable subsections of § 523 and under § 727(b)). This Court agrees that under the analysis mandated by the Supreme Court and discussed *supra*, once the Debtor, as the moving party, has met her burden, the IRS would be required to come forth with affidavits, deposi-

tions, answers to interrogatories, or admissions on file to establish specific facts showing that there is a genuine issue for trial by a preponderance of the evidence. (The evidentiary standard applicable in this case is a preponderance of the evidence under *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). This assumes, however, that Debtor has met her initial burden of showing there is no "genuine issue" of "material fact".

Under § 523(a)(2)(A), the applicable subsection of § 523 in this case, the party desiring a debt to be found non-dischargeable must show the following elements: (1) the Debtors made false representations, (2) the Debtors knew such representations to be false at the time they were made, (3) the representations were made with the intent to defraud the creditor, (4) the creditor must have reasonably relied on the representations, (5) the creditor incurred resulting damage. *In re Phillips,* 804 F.2d 930, 932 (6th Cir.1986); *In re Martin,* 761 F.2d 1163, 1165 (6th Cir.1985); *In re Triplet,* 139 B.R. 687, 689 (Bankr.N.D.Ohio 1992). Under § 727(b), the party desiring a debtor's discharge to be denied must show the following elements: (1) the debtor transferred, or permitted to be transferred; (2) property of the debtor; (3) within one year before the Petition in Bankruptcy was filed; (4) with the intent to hinder, delay or defraud the creditor. *In re Bastrom,* 106 B.R. 223 (Bankr. D.Mont.1989) (quoting *In re Martin,* 88 B.R. 319, 322 (D.Colo.1988)).

Debtor claims that a trust was created by the inadvertent placing of her name on the title of her husband's home, and has supplied only the affidavits of herself and her husband to show the creation of this trust. Because of this trust, Debtor claims that IRS cannot show that the quit-claim deed was fraudulently transferred or that the Debtor made fraudulent representations regarding the property, and therefore cannot prevail under § 523(a)(2)(A) and § 727(b). Further, Debtor claims that by coming forward with the affidavits of herself and her husband, she has met her burden of production under Federal Rule of Civil Procedure 56. This Court disagrees.

This Court believes there may be situations where a motion for summary judgment accompanied only by the affidavits of parties in interest may satisfy the movant's burden under Rule 56. Indeed, as discussed above, the Supreme Court has noted that the moving party may not need to come forward, in some situations, with any affidavits or other evidence at all, and merely point to the weaknesses in the opposing party's case. Further, the Court is aware that state of mind issues, such as Debtor's intent regarding the transfer of her property in this case, are not necessarily inappropriate for summary judgment. *Street v. J.C. Bradford,* 886 F.2d 1472, 1479 (1989). However, the Court does not find summary judgment appropriate in this case. Debtor's argument concerning the creation of a trust because her name was inadvertently placed on the deed raises a question of fact in the context of the present Motion for Summary Judgment. The fact that Debtor signed the deed, and quit-claimed it to her husband shortly before filing bankruptcy alone is enough to cause this Court to deny her Motion for Summary Judgment. Without further evidence of the inadvertent creation of a trust other than the affidavits of Debtor and her husband, this Court does not find that Debtor has met her initial burden with regard to a summary judgment motion. Thus, whether the IRS has met its burden is irrelevant.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment of Cynthia L. Bell be, and is hereby, **DENIED.**

It is **FURTHER ORDERED** that a Trial on this matter shall be, and is hereby, scheduled for Tuesday, June 13, 1995 at 10:00 A.M. in Courtroom # 2, Room 119, United States Courthouse, 1716 Spielbush Avenue, Toledo, Ohio.