In re Henry A. DeLONG, Debtor.

Deere & Company, Plaintiff,

v.

Henry A. DeLong, Defendant.

Bankruptcy No. 97–3301.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Aug. 10, 1998.

Nancy S. Schramski, Lima, OH, for defendant.

Joseph C. Winner, Columbus, OH, for plaintiff.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment. A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), Fed. R.Civ.P. 56(c), Fed.R.Bankr.P. 7056. In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). See also *In re Bell*, 181 B.R. 311 (Bankr.N.D.Ohio 1995).

In its Motion, Plaintiff explains that Defendant purchased a certain drill on August 7, 1996, and financed the purchase through Plaintiff. Defendant gave Plaintiff a security interest in the drill, but subsequently sold it for cash without notifying Plaintiff,

or paying Plaintiff the value of its security interest. Plaintiff therefore contends that Defendant willfully and maliciously converted the collateral, and therefore Defendant's debt should be found nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.

In his Response to Plaintiff's Motion for Summary Judgment, Defendant does not argue or offer any evidence that he did not willfully and maliciously convert Plaintiff's collateral. Rather, Defendant only argues that Plaintiff appears to have sought a recovery for the value of the collateral from the entity to whom it was sold, and that Plaintiff should not recover twice. Defendant also offered a copy of a couple checks with which he made payments to Plaintiff, and argues that Summary Judgment should be denied, because without a full accounting, it is impossible to determine the balance owed.

In its Reply, Plaintiff agrees that it should not be allowed a double recovery. Plaintiff acknowledges that it has received Twelve Thousand Dollars ($12,000.00) from the entity to whom Defendant sold the collateral, as a settlement. Therefore, Plaintiff contends that it is still owed One Thousand Eight Hundred Dollars ($1,800.00).

This Court finds that Plaintiff has met its burden upon summary judgment to show a lack of a genuine issue of material fact. Plaintiff has offered the Affidavits of Al Richardson, who is Litigation Administrator for a company that administers Plaintiff's loan contracts. Along with the affidavit is a copy of the contract which Defendant signed. Plaintiff has also offered the Affidavit of Plaintiff's counsel, who recounts Defendant's testimony at the 341 hearing that Defendant sold the collateral for cash. Indeed, Defendant does argue that he did not willfully and maliciously convert the collateral. Defendant does argue that Plaintiff has not proven the balance of the account. However, in the Affidavit of Al Richardson, Mr. Richardson stated that the balance owed on the account as of the petition date was Twelve Thousand Seven Hundred Eighty-five and 83/100 Dollars ($12,785.83). This Court finds this evidence sufficient in this case, and Defendant has offered none to the contrary. If Defendant wanted additional information, he could

have requested it through discovery. Subtracting this amount from the amount Plaintiff has already received on the account, the balance is presently Seven Hundred Eighty-five and 83/100 Dollars ($785.83), which this Court finds to be nondischargeable.

Accordingly, it is

*ORDERED* that the Motion for Summary Judgment of Plaintiff Deere & Company be, and is hereby, *GRANTED,* and that the debt of Defendant Henry A. DeLong to Plaintiff Deere & Company is hereby determined to be *NONDISCHARGEABLE* in the amount of Seven Hundred Eighty-five and 83/100 Dollars ($785.83).