**In re Allen Lynn DeLONG, and Kendra L. DeLong, Debtors.**

**Keith Reitzel, Plaintiff,**

v.

**Allen Lynn DeLong, Defendant.**

**Bankruptcy No. 98–3003.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Aug. 10, 1998.

John P. Gustafson, Toledo, OH, for plaintiff.

Nancy S. Schramski, Lima, OH, for defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

Pursuant to Defendant's Motion to Consolidate Case, this adversary proceeding has been consolidated with *Deere & Company v. DeLong,* Case No. 97–3264, a related adversary proceeding. This cause comes before the Court upon Plaintiff's Motion for Summary Judgment.

A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), Fed. R.Civ.P. 56(c), Fed.R.Bankr.P. 7056. In or-

der to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). See also *In re Bell,* 181 B.R. 311 (Bankr.N.D.Ohio 1995).

The facts of this case concern Defendant's disposition of collateral in which Defendant gave Deere & Company (hereafter "Deere") a security interest. In the related adversary proceeding, Deere prays that the debt be found nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code, contending that Defendant willfully and maliciously converted three items of collateral. The Plaintiff in this adversary proceeding was the purchaser to whom Defendant sold of one of these items of collateral, a John Deere tractor. Deere has also pursued recovery against Plaintiff in state court, and the parties have settled the matter for the amount of Thirty Thousand Dollars ($30,-000.00). Plaintiff now contends that it is subrogated to Deere's right to assert a claim against Defendant to the extent of its payment to Deere, and that this debt should likewise be found nondischargeable. Plaintiff has offered his own affidavit to substantiate the facts alleged.

In its responses in both adversary proceedings Defendant has not argued that this debt is should be found to be dischargeable, and has offered no evidence to refute the evidence submitted by Plaintiff on this issue. Rather, Defendant's primary concern is that he not be liable twice on the same debt. That is, Defendant does not want to be in a position where both Deere and Plaintiff are seeking the recovery of this same debt. In the related adversary proceeding, Deere has stated that it agrees that it should not be allowed to recover twice on the this debt, and has reduced its demand by the amount recov-

ered from Plaintiff. In the related adversary proceeding, this Court found that the debt is nondischargeable, but has reduced Deere's recovery by the amount it received from the Plaintiff herein.

This Court agrees that Plaintiff is subrogated to Deere's claim in the amount of Thirty Thousand Dollars ($30,000.00). See *In re Routson,* 160 B.R. 595, 604 (Bankr. D.Minn.1993). Further, for the reasons stated in its Decision and Order in the related adversary proceeding, this Court finds that the debt to Plaintiff is nondischargeable.

Accordingly, it is

**ORDERED** that Motion for Summary Judgment of Keith Reitzel be, and is hereby, *GRANTED,* and that the debt of Defendant Allen Lynn DeLong to Plaintiff Keith Reitzel is hereby determined to be *NONDIS-CHARGEABLE* in the amount of Thirty Thousand Dollars ($30,000.00).