**In re Aaron D. SANKS, Debtor.**

**Bruce Comly French, Trustee, Plaintiff,**

**v.**

**United States Department of Treasury, et al., Defendants.**

**No. 00–3244.**

United States Bankruptcy Court, N.D. Ohio.

May 29, 2001.

Bruce C. French, Lima, OH, pro se.

F. Stephen Chamberlain, Lima, OH, Lara E. Ewens, Washington, DC, for defendants.

### *DECISION AND ORDER*

RICHARD L. SPEER, Chief Judge.

In the above-captioned adversary complaint, the duly appointed trustee of the Debtor's bankruptcy estate, Bruce Comly French, seeks to recover a specific preferential transfer made by the United States Department of the Treasury to the Defendant, the Allen County Child Support Enforcement Agency. The statutory authority upon which the Trustee relies for his cause of action is 11 U.S.C. § 547(b) which generally permits a trustee to avoid a preferential transfer of property if the conditions set forth in the statute are met. In opposition to the Trustee's Complaint, the Defendant, while not arguing that the elements under § 547(b) have not been met, asserts that the Trustee may not avoid the funds seized by the United States Department of the Treasury on account of § 547(c)(7). This section provides:

(c) The trustee may not avoid under this section a transfer-

(7) to the extent such transfer was a bona fide payment of a debt to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—

(A) is assigned to another entity, voluntarily, by operation of law, or otherwise;

(B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support[.]

As to the applicability of this statute, the following facts, as set forth by the Parties, are relevant:

On or about February 28, 2000, the United States Department of the Treasury, in compliance with federal law, intercepted the Debtor's 1999 tax refund in the amount of Two Thousand Seven Hundred Eighty-nine dollars ($2,789.00). The United States Department of the Treasury then sent the debtor's tax refund check to the Allen County Child Support Enforcement Agency, who, in turn, transferred these funds to the former spouse of the Debtor for delinquent child support. On May 22, 2000, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, on October 12, 2000, the Trustee commenced the instant adversary proceeding to recover, as a preferential transfer under § 547(b), the above-mentioned funds seized by the United States Department of the Treasury.[1]

---

**1.** The Trustee brought his cause of action against both the United States Department of

On the Trustee's cause of action under § 547(b), the Trustee filed a Motion for Summary Judgment and Memorandum in Support. In opposition thereto, the Defendant, the Allen County Child Support Enforcement Agency, filed a Response Memorandum arguing that the exception set forth in § 547(c)(7) is applicable.

### LEGAL DISCUSSION

Proceedings brought to avoid preferential transfers are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(F) and § 1334. Thus, this case is a core proceeding.

This adversary proceeding comes before the Court upon the Trustee's Motion for Summary Judgment and the Defendant's Response thereto. The standard for a Summary Judgment Motion is set forth in Fed. R. Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in relative part: "A movant will prevail on a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Thereafter, upon the movant meeting this burden, the opposing party may not merely rest upon their pleading, but must instead set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct.

2505, 2511, 91 L.Ed.2d 202 (1986). All inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see also In re Bell,* 181 B.R. 311 (Bankr.N.D.Ohio 1995).

■ The sole issue in this case is whether the seizure of the Debtor's tax refund by the United States Department of Treasury falls within the exception to a preferential transfer contained in § 547(c)(7). Under this section, generally those payments made to a former spouse or child of a debtor are excluded from the Trustee's avoiding powers under § 547(b), if such a transfer was actually in the nature of alimony, maintenance or support. However, an exception to this Rule (which is actually an exception to an exception) is provided for in subparagraph (A) of § 547(c)(7) which provides that when a "debt is assigned to another entity, [whether] voluntary, by operation of law, or otherwise," such a debt may be recovered by the trustee if the requirements set forth in § 547(b) are otherwise met. In this regard, the Trustee stated in his Memorandum to the Court the following: "it is argued, however, that the trustee's property was assigned to the Allen County Child Support Agency by operation of law and therefore is not precluded from being a preference under § 547(c)(7)." (Trustee's Memorandum in Support of Summary Judgment, at pg. 2).

■ Under § 547(c)(7)(A), the Trustee bears the burden to show that the debt at issue was assigned to another entity.[2]

the Treasury and the Allen County Child Support Enforcement Agency. However, pursuant to an order entered by this Court on February 20, 2001, the Defendant, the United States Department of the Treasury, was dismissed from this adversary proceeding.

2. This supposition is based upon the fact that the assignment exception contained in sub-

An assignment for purposes of § 547(c)(7)(A) is determined according to applicable state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) (property interests are generally created and defined by state law). Ohio law defines an assignment as "a transfer of property or of some right or interest from one person to another, which causes to vest in another his or her right of property or interest in property." *Leber v. Buckeye Union Ins. Co.*, 125 Ohio App.3d 321, 332, 708 N.E.2d 726, 733 (Ohio Ct.App.1997), *citing Aetna Cas. & Sur. Co. v. Hensgen*, 22 Ohio St.2d 83, 51 O.O.2d 106, 258 N.E.2d 237, paragraph three of the syllabus (1970). Contrary to this definition, however, Ohio law provides that payments made by a debtor to a child support enforcement agency are not an assignment, but are rather funds held in trust for the benefit of the custodial parent. Specifically, O.R.C. § 2301.36 [3] states:

> (A) Upon issuing or modifying a support order, issuing any withholding or deduction notice described in division (D) of section 3113.21 of the Revised Code, or issuing a court order described in division (D)(6) or (7) of that section, the court shall require that support payments be made to the child support enforcement agency of the county as *trustee* for remittance to the person entitled to receive payments ... [.]

■ Therefore, based upon the language of this Ohio statute, the Allen County Child Support Enforcement Agency was simply acting as a trustee with respect to the payments made by the debtor. As such, the receipt by the Allen County Child Support Enforcement Agency of the Debtor's seized income tax refund could not possibly constitute an assignment of a debt within the meaning of § 547(c)(7)(A). Accordingly, for this reason, the Court holds that the Trustee may not avoid, as a preferential transfer, the tax refund seized from the Debtor in the amount of Two Thousand Seven Hundred Eight-nine dollars ($2,789.00). In coming to this conclusion, the Court observes that this decision is in conformance with the general bankruptcy policy of preserving the integrity of support obligations. *See* 11 U.S.C. § 522(c)(1) (exempted property is still subject to support obligations); 11 U.S.C. § 523(a)(5) (support obligations are nondischargeable debts in bankruptcy); 11 U.S.C. § 506(d)(1) (preserves a prepetition lien which secures a nonallowable claim for future support); 11 U.S.C. § 507(a)(7) (for purposes of distribution, support obligations are conferred with priority status).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

***ORDERED*** that the Motion for Summary Judgment submitted by the Trustee,

---

paragraph (A) of § 547(c)(7) is, in essence, an affirmative defense. Accordingly, the burden of proof is placed upon the party raising the issue. *Buntin v. Breathitt County Bd. of Educ.*, 134 F.3d 796, 799 (6th Cir.1998); *Straub v. Vaisman & Co.*, 540 F.2d 591, 598 (3rd Cir.1976).

**3.** Although this statute was repealed on March 22, 2001, it was in effect at the time the transfer at issue in this case took place. In addition, the Court observes that O.R.C. § 3109.05 provides that child support payments must be "made through the office of child support in the department of job and family services." Thus, this section, like the former O.R.C. § 2301.36, shows that a child support agency does not receive child support payments as an assignee.

Bruce Comly French, be, and is hereby, DENIED.