**In re Steven E. NEUMAN, Debtor.**

**Bruce Comly French, Trustee, Plaintiff,**

v.

**Allen County Child Support Enforcement Agency, Defendant.**

**Nos. 00–3227, 00–32492.**

United States Bankruptcy Court, N.D. Ohio.

May 29, 2001.

Bruce C. French, Lima, OH, Pro se.

F. Stephen Chamberlain, Lima, OH, for Defendant.

### *DECISION AND ORDER*

RICHARD L. SPEER, Chief Judge.

In the above-captioned adversary complaint, the duly appointed trustee of the Debtor's bankruptcy estate, Bruce Comly French, seeks to recover a specific preferential transfer made by the Debtor, Steven E. Neuman, to the Defendant, the Allen County Child Support Enforcement Agency. The statutory authority upon which the Trustee relies for his cause of action is 11 U.S.C. § 547(b) which generally permits a trustee to avoid a preferential transfer of property if the conditions set forth in the statute are met. In opposition to the Trustee's Complaint, the Defendant, while not arguing that the elements under § 547(b) have not been met, asserts that the Trustee may not avoid the Debtor's transfer on account of § 547(c)(7). This section provides:

(c) The trustee may not avoid under this section a transfer—

(7) to the extent such transfer was a bona fide payment of a debt to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—

(A) is assigned to another entity, voluntarily, by operation of law, or otherwise;

(B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support[.]

As to the applicability of this statute, the following facts, as set forth by the Parties, are relevant:

On or about March 30, 2000, the Debtor sent a payment of One Thousand Seven Hundred dollars ($1,700.00) to the Allen County Child Support Enforcement Agency; these funds were then transferred, in accordance with Ohio law, to the former spouse of the Debtor for back child support. Two (2) months later, on June 12, 2000, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, on September 27, 2000, the Trustee commenced the instant adversary proceeding to recover, as a preferential transfer under § 547(b), the above-mentioned funds transferred by the Debtor to the Defendant. On the Trustee's cause of action under § 547(b), the Trustee filed a Motion for Summary Judgment and Memorandum in Support. In opposition thereto, the Defendant filed a Response Memorandum arguing that the exception set forth in § 547(c)(7) is applicable.

### LEGAL DISCUSSION

Proceedings brought to avoid preferential transfers are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(F) and § 1334. Thus, this case is a core proceeding.

This adversary proceeding comes before the Court upon the Trustee's Motion for Summary Judgment and the Defendant's Response thereto. The standard for a Summary Judgment Motion is set forth in Fed. R. Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in relative part: "A movant will prevail on a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Thereafter, upon the movant meeting this burden, the opposing party may not merely rest upon their pleading, but must instead set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). All inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see also In re Bell,* 181 B.R. 311 (Bankr.N.D.Ohio 1995).

The sole issue in this case is whether the Debtor's payment to the Allen County Child Support Enforcement Agency falls within the exception to a preferential transfer contained in § 547(c)(7). Under this section, generally those payments made to a former spouse or child of a debtor are excluded from the Trustee's avoiding powers under § 547(b), if such a transfer was actually in the nature of alimony, maintenance or support. However, an exception to this Rule (which is actually an exception to an exception) is provided for in subparagraph (A) of § 547(c)(7) which provides that when a "debt is assigned to another entity, [whether] voluntary, by operation of law, or otherwise," such a debt may be recovered by the trustee if the requirements set forth in § 547(b) are otherwise met. In this regard, the

Trustee stated in his Memorandum to the Court the following: "it is argued, however, that the trustee's property was assigned to the Allen County Child Support Agency by operation of law and therefore is not precluded from being a preference under § 547(c)(7)." (Trustee's Memorandum in Support of Summary Judgment, at pg. 2).

Under § 547(c)(7)(A), the Trustee bears the burden to show that the debt at issue was assigned to another entity.[1] An assignment for purposes of § 547(c)(7)(A) is determined according to applicable state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) (Property interests are generally created and defined by state law). Ohio law defines an assignment as "a transfer of property or of some right or interest from one person to another, which causes to vest in another his or her right of property or interest in property." *Leber v. Buckeye Union Ins. Co.,* 125 Ohio App.3d 321, 332, 708 N.E.2d 726, 733 (1997), *citing Aetna Cas. & Sur. Co. v. Hensgen,* 22 Ohio St.2d 83, 51 O.O.2d 106, 258 N.E.2d 237, paragraph three of the syllabus (1970). Contrary to this definition, however, Ohio law provides that payments made by a debtor to a child support enforcement agency are not an assignment, but are rather funds held in trust for the benefit of the custodial parent. Specifically, O.R.C. § 2301.36 [2] states:

(A) Upon issuing or modifying a support order, issuing any withholding or deduc-

tion notice described in division (D) of section 3113.21 of the Revised Code, or issuing a court order described in division (D)(6) or (7) of that section, the court shall require that support payments be made to the child support enforcement agency of the county as *trustee* for remittance to the person entitled to receive payments ... [.]

Therefore, since the Allen County Child Support Enforcement Agency was simply acting as a trustee with respect to the payments made by the Debtor to the Defendant, the Defendant was not, as that term is used in 11 U.S.C. § 547(c)(7)(A), assigned the Debtor's debt. Accordingly, the Trustee may not avoid the Debtor's transfer of One Thousand Seven Hundred dollars ($1,700.00) to the Allen County Child Support Enforcement Agency. In coming to this conclusion, the Court observes that this decision is in conformance with the general bankruptcy policy of preserving the integrity of support obligations. *See* 11 U.S.C. § 522(c)(1) (exempted property is still subject to support obligations); 11 U.S.C. § 523(a)(5) (support obligations are nondischargeable debts in bankruptcy); 11 U.S.C. § 506(d)(1) (preserves a prepetition lien which secures a nonallowable claim for future support); 11 U.S.C. § 507(a)(7) (for purposes of distribution, support obligations are conferred with priority status).

In reaching the conclusions found herein, the Court has considered all of the

---

**1.** This supposition is based upon the fact that the assignment exception contained in subparagraph (A) of § 547(c)(7) is, in essence, an affirmative defense. Accordingly, the burden of proof is placed upon the party raising the issue. *Buntin v. Breathitt County Bd. of Educ.,* 134 F.3d 796, 799 (6th Cir.1998); *Straub v. Vaisman & Co.,* 540 F.2d 591, 598 (3rd Cir.1976).

**2.** Although this statute was repealed on March 22, 2001, it was in effect at the time the transfer at issue in this case took place. In addition, the Court observes that O.R.C. § 3109.05 provides that child support payments must be "made through the office of child support in the department of job and family services." Thus, this section, like the former O.R.C. § 2301.36, shows that a child support agency does not receive child support payments as an assignee.

evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Trustee, Bruce Comly French, be, and is hereby, DENIED.