In re Betty J. MARSHALL, Debtor.

John N. GRAHAM, Trustee, Plaintiff,

v.

Betty J. MARSHALL, et al., Defendants.

Bankruptcy No. 95–3010.
No. 94–3010.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

April 3, 1996.

John N. Graham, Trustee, Toledo, OH, pro se.

John Hunter, Toledo, OH, for Plaintiff.

Herbert Adams, Gibsonburg, OH, for Betty J. Marshall.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Summary Judgment of John N. Graham, Chapter 7 Trustee, on his Complaint to Avoid Fraudulent Conveyance and/or Deny Discharge. The Defendant Debtor has not responded to the Motion. This Court has reviewed the arguments of Counsel, exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Motion for Summary Judgment should be granted, that the Defendant/Debtor shall be ordered to remit the sum of Eleven Thousand Dollars ($11,000) to the Plaintiff/Trustee, and that if the Defendant/Debtor fails to do so, her discharge shall be denied.

### FACTS

On September 24, 1993, Defendant/Debtor Betty J. Marshall transferred ownership of a Skyline trailer home to Sherry Gilmore (hereafter "Gilmore"). Gilmore is the Debtor's daughter. In doing so, Debtor and Gilmore signed a handwritten agreement, which was notarized and dated September 24, 1993. The agreement reads as follows:

I Betty J. Marshall am putting my mobile home title in my daughter Sherry Gilmore'(sic) name.

I. She may not not put the mobile home in anyone else's name.

II. If(sic) case she does the mobile home title will be signed back over to me.

III. At my death she is to sell the mobile home and split the proceeds with her sisters, Bobbie Moyer & Peggy Lee. Each get a third.

I Sherry Gilmore understand the conditions of above.

Betty J. Marshall
Sherry Gilmore

On January 28, 1994, Debtor filed bankruptcy under Chapter 7 of the Bankruptcy Code. Debtor subsequently reacquired the trailer. The Trustee maintains that the Debtor then sold the trailer for an amount the Trustee believes to be approximately Eleven Thousand Dollars ($11,000). In her Answer, the Debtor denies this assertion.

### LAW

The Bankruptcy Code provides in pertinent part:

**11 U.S.C. § 101. Definitions**

(31) "insider" includes—

(A) if the debtor is an individual—

(i) relative of the debtor or a general partner of the debtor

**11 U.S.C. § 548. Fraudulent transfers and obligations**

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obli-

gation was incurred, or became insolvent as a result of such transfer or obligation;

    (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

    (iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

(d)(1) For the purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition.

    (2) In this section—

    (A) "value" means property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor;

## 11 U.S.C. § 727. Discharge

(a) The court shall grant the debtor a discharge, unless—

    (1) the debtor is not an individual;

    (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

    (A) property of the debtor, within one year before the date of the filing of the petition; or

    (B) property of the estate, after the date of the filing of the petition;

## DISCUSSION

Proceedings to determine, avoid, or recover fraudulent conveyances, as well as objections to discharge, are core proceedings pursuant to 28 U.S.C. § 157. Thus, this case is a core proceeding.

    A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 320, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). See *In re Bell,* 181 B.R. 311 (Bankr.N.D.Ohio 1995), for a more thorough discussion of the law regarding summary judgment.

    In this adversarial proceeding, the Trustee filed the present Motion for Summary Judgment, to which the Debtor has not responded. The Trustee also filed a Motion for Default Judgment on the basis that the Debtor has failed to file a responsive pleading to his Motion. This Court believes the Trustee's Motion for Default is inappropriate in this case. Although the Debtor has not responded to the Motion for Summary Judgment, she has filed an Answer to the Complaint and her attorney appeared at the pretrial conference. Further, the Debtor's lack of response to the Motion for Summary Judgment is not necessarily fatal to her case. As explained supra, the movant bears the initial burden on summary judgment. For the Trustee to prevail, he must satisfy this initial burden by demonstrating all elements necessary to the causes of action for which

he seeks relief. Upon such a demonstration, the burden shifts to the non-movant, and the failure to respond becomes fatal.

The Trustee prays for relief under two sections of the Bankruptcy Code. First, the Trustee seeks under § 548 to have this Court issue an order determining that the transfer of the trailer at issue in this case was a fraudulent conveyance, and that the Debtor should be ordered to turn over to the estate the proceeds of the sale of the trailer. The Trustee claims such proceeds total Eleven Thousand Dollars ($11,000). Next, the Trustee prays for a Court Order that if the Debtor should fail to remit the proceeds, the Debtor's discharge shall be denied under § 727(a)(2)(A). Each will be dealt with in turn.

■ There are two possible bases for a determination that the transfer in this case was a fraudulent conveyance. These are under § 548(a)(1) and § 548(a)(2)(A), B(i). The elements of a cause of action under § 548(a)(1) can be summarized as follows: (1) that a "transfer" of the debtor's property was made, (2) with an actual intent to hinder, delay, or defraud, (3) any entity to which the debtor was, or was soon to be, indebted. The finding of the requisite intent may be predicated upon the concurrence of facts which, while not direct evidence of actual intent, lead to the irresistible conclusion that the transferor's intent was motivated by such intent. 4 *Collier on Bankruptcy* § 548.02[5], 548–39 (Fifteenth Edition 1995). An action under § 548(a)(2)(A), B(i) lacks the intent requirement of one under § 548(a)(1) and only requires that: (1) a transfer of an interest of the debtor in property was made, (2) for less than reasonably equivalent value, and (3) the debtor was insolvent at the time of the transfer, or became insolvent a result thereof.

This Court finds from the circumstances surrounding this case that the Trustee has met his burden concerning the elements of both the causes of action under § 548. The Debtor's transfer of the trailer to an insider as defined in § 101(31)(A), with the apparent lack of consideration, the restriction against alienation, the direction for distribution upon death, and the subsequent reacquisition after the bankruptcy, all lead to the conclusion that the Trustee has demonstrated all the elements of the causes of action, including that Debtor possessed the requisite intent to defraud creditors, and that the Debtor was or became insolvent as a result of the transfer. Accordingly, the Trustee is entitled to the trailer, or if it has been sold, the proceeds thereof.

■ The causes of action for a claim under § 727(a)(2)(A) are as follows:

(1) that the act complained of was done at a time subsequent to one year before the date of the filing of the petition,

(2) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with the custody of the property under the Bankruptcy Code,

(3) that the transfer was an act of the debtor or his duly authorized agent, [and]

(4) that the act consisted of transferring, removing, destroying or concealing any of the debtor's property, or permitting these acts to be done.

4 *Collier on Bankruptcy* § 727.02, 727.12 (Fifteenth Edition 1995). Findings of actual intent may be inferred from the circumstantial evidence surrounding the transfer. *Id.* at 727–16.

For the same reasons that this Court found that the Trustee demonstrated all the elements of the causes of action under § 548, this Court also finds that the Trustee has met his burden on all elements of his claim under § 727(a)(2)(a). Accordingly, this Court will grant the Trustee's request that the Debtor's discharge be denied if the Debtor is not forthcoming with the trailer or the proceeds of its sale.

However, the Trustee has not shown either the value of the trailer, or what the actual proceeds of its sale were. Indeed, the Trustee's Complaint states that the amount of the proceeds are unknown, but he believes they were approximately Eleven Thousand Dollars ($11,000). For lack of a more practical or expeditious method, and because the Debtor has not objected to this sum, this Court will order that the Debtor remit this amount to the Trustee (or the actual trailer).

If the Debtor wishes to contest this amount, she may file a brief or request a hearing within ten days of the date of this Decision.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Motion for Default Judgment of John N. Graham, Trustee, be, and is hereby *DENIED*.

It is **FURTHER ORDERED** that the Motion for Summary Judgment of John N. Graham, Trustee, be, and is hereby, *GRANTED*.

It is **FURTHER ORDERED** that the Debtor shall remit to the Trustee the trailer which is the subject of this case, or the value of such trailer, that being Eleven Thousand Dollars ($11,000). If Debtor wishes to contest the value of the trailer, she may request an evidentiary hearing or file a brief within ten days of the date of this Decision.

It is **FURTHER ORDERED** that if the Debtor does not remit the above payment to the Trustee, her discharge will be denied upon the Trustee filing a notice of same with this Court.