122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In Re Bernd and Barbara VOCKNER, Debtors.
Bernd and Barbara Vockner, Appellants,
v.
Kenneth W. BATTLEY, Trustee, Appellee.
 No. 95-36229.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 18, 1997
Aug. 20, 1997.
 
 Appeal from the United States District Court for the District of Alaska, D.C. CV-95-00031-JKS; James K. Singleton, District Judge, Presiding.
 Before: WALLACE, NOONAN and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTS AND PROCEEDINGS
 
 2
 On February 8, 1988, Barbara Vockner conveyed by deed several parcels of oil-producing property in Louisiana to her sister Joan Mickelsen. Mickelsen then established a separate checking account into which royalties and income from the leases were deposited. Funds were then disbursed from the account to the Debtors. The Debtors petitioned for Chapter 7 bankruptcy on April 17, 1990. Prior to and up to the petition date, Barbara Vockner received approximately $75,861.69 from that account. After the petition date, Mickelsen paid to or in behalf of Barbara Vockner $17,258.23 from the account.
 
 
 3
 The Trustee and FDIC separately sought denials of the Debtors' discharge. The bankruptcy court approved stipulations between the Trustee and Debtors, and the FDIC and Debtors, dismissing the complaints with prejudice. On August 29, 1991 the Debtors received a Chapter 7 discharge.
 
 
 4
 After filing an action to recover the property allegedly fraudulently conveyed to Mickelsen, the Trustee entered into a Settlement Agreement with Mickelsen in which Mickelsen agreed to reconvey the oil-producing leases to the Trustee and to pay the Trustee $62,390.96.
 
 
 5
 On November 3, 1993 the Trustee filed a Complaint to Recover Money and Revoke Discharge against the Debtors, pursuant, in part, to § 11 U.S.C. § 727(d)(2). The complaint sought $17,258.23 and an order revoking discharge. On cross-motions for summary judgment, the bankruptcy court ruled in favor of the Trustee on December 29, 1994. On October 26, 1995 the district court affirmed the bankruptcy court's decision.
 
 I. REVOCATION OF THE DEBTORS' DISCHARGE
 
 6
 The bankruptcy court inferred the acquisition of property of the estate and knowledgeable fraud elements of § 727(d)(2) by the series of monthly checks drawn from Mickelsen's special account and sent to the Debtors and the Debtors' creditors. The Debtors received checks from the account beginning shortly after the date of the transfer and continuing until Mickelsen's settlement with the Trustee. In inferring that the transfer was a "sham transaction," the bankruptcy court also noted that almost all of the proceeds of the property were distributed to the Debtors or to pay Mickelsen's legal expenses or to pay taxes on the property and that the Debtors failed to disclose their receipt of the proceeds. Taking into account the Debtors' failure to make any declaration dispelling the inference of their fraudulent intent, the bankruptcy court granted the Trustee's motion for summary judgment because "the inferences are so strong that the debtor, I think, is bound to come forth and offer some explanation instead of just sitting back."
 
 
 7
 Fraudulent intent may be inferred from circumstantial evidence in the analogous denial of discharge actions. See Farmers Co-Op Ass'n of Talmage, Kan. v. Strunk, 671 F.2d 391, 395 (10th Cir.1982); In re Marshall, 198 B.R. 705, 708 (Bankr.N.D.Ohio 1996) In re Powers, 112 B.R. 184, 187 (Bankr.S.D.Tex.1989); but see, International Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1265 (5th Cir.1991), cert. denied, 502 U.S. 1059 (1992); In re Carletta, 189 B.R. 258, 261-62 (Bankr.N.D.N.Y.1995). Two cases, which are particularly on point, have held that where a debtor gratuitously conveyed valuable property, the burden shifts to the debtor to prove that his intent was not fraudulent. See Matter of Armstrong, 931 F.2d 1233, 1239 (8th Cir.1991); In re Schroff, 156 B.R. 250, 254 (Bankr.W.D.Mo.1993); cf. In re Mascolo 505 F.2d 274, 276-77 (1st Cir.1974) (debtor's false statement about concealed assets which was never explained held sufficient to infer fraud).
 
 
 8
 The property was property of the estate. See 11 U.S.C. § 541(a)(1) and (a)(6). It was derived from leases which were part of the estate from the time of the petition. See Jones v. Aero/Chem. Corp., 921 F.2d 875, 877 n. 2 (9th Cir.1990) (citing United States v. Loya, 807 F.2d 1483, 1486-7 (9th Cir.1987).
 
 
 9
 The Debtors argue that there was no evidence that the Debtors knew that the postpetition proceeds were property of the estate. The second element of § 727(d)(2) does not require such knowledge but only that the fraud or knowledge pertain to the failure to report or deliver some property. See In re Yonikus, 974 F.2d 901, 904-05 (7th Cir.1992); 1 Daniel R. Cowans, Bankruptcy Law and Practice § 5.72 at 778 (6th ed. 1994) ("The debtor is required to report to the trustee any property which he receives or becomes entitled to or to deliver it to him. Fraudulent failure to do so is a ground of revocation of the discharge of the debtor.") (footnote omitted) (emphasis added); 4 Collier on Bankruptcy p 727.15 at 727-113 (15th ed.1996) (§ 727(d)(2) "imposes a duty upon the debtor to report to the trustee any acquisitions of property subsequent to the filing of the petition.") (emphasis added); cf. In re Bowman, 173 B.R. 922, 925 (9th Cir.B.A.P.1994).
 
 II. STATUTE OF LIMITATIONS
 
 10
 The Debtors correctly argue that the statute of limitations expired for the Trustee to bring a claim for revocation of discharge under § 727(d)(1). Such an action must be brought within one year of the granting of the discharge. § 727(e)(1).
 
 
 11
 The Trustee's revocation action, however, was not only based on § 727(d)(1) but on § 727(d)(2) as well. The Trustee's initial complaint and amended complaint both stated that the action was brought under both § 727(d)(1) and (2). In the motion for summary judgment, the Trustee only asserted § 727(d)(2) as the basis for the action and explained that summary judgment was not sought under § 727(d)(1). The bankruptcy court revoked the Debtors' discharge, and the district court affirmed, under § 727(d)(2).
 
 
 12
 A revocation of discharge filed under subsection (d)(2) may be requested before the later of 1) one year from the discharge and, 2) the date the case is closed. § 727(e)(2). The Debtors do not contest the Trustee's claim and the bankruptcy court's finding that the case did not close before the request for revocation.
 
 III. RES JUDICATA
 
 13
 The Debtors argue that the Trustee's action for revocation of the discharge is barred by res judicata because the Trustee's and FDIC's complaints to deny discharge were dismissed with prejudice. The Debtors' argument is without merit.
 
 
 14
 The Trustee's earlier action for denial of discharge concerned the transfer of three parcels of property unrelated to the oil-producing property which was the subject of the revocation action. The denial of discharge action, under § 727(a)(3), (a)(4) and (a)(5), is a distinct cause of action from the request for revocation of discharge pursuant to § 727(d)(1) and (2).
 
 
 15
 Similarly, the FDIC's action is also unrelated. The FDIC's Complaint Objecting to Discharge concerned the Debtors' execution of promissory notes in favor of Alaska Mutual Bank and United Bank Alaska, notes which are unrelated to the oil-producing property in Louisiana at issue in the revocation of discharge action. The FDIC's action, brought under § 727(a)(2)-(5), is a distinct cause of action from the Trustee's § 727(d)(2) revocation action. In addition, the Trustee was not a party to the FDIC's action.
 
 
 16
 The Debtors also argue that the issues in the Trustee's revocation of discharge action could have and should have been brought in the earlier denial of discharge action. The Debtors, however, have failed to establish that the Trustee should have known of the underlying factual basis of the revocation action at the time of the Trustee's denial of discharge action. The bankruptcy court noted that the Trustee "claims to have learned of the $17,258.23 transfer only during the negotiations to settle the Mickelsen case." The Trustee apparently relied on the Debtors' denial that they had "received any income from the transferred property since the transfer." It was not until the discovery stage of the revocation action that the Debtors admitted that the statement was false.
 
 
 17
 Without a specific finding of fact from the bankruptcy court, it is not clear when the Trustee first learned of the $17,258.23 transfer. Presumably the Debtors' false statements and concealment of assets hindered the Trustee from discovering the transfer. The doctrine of unclean hands prevents the Debtors from successfully claiming that the Trustee was not diligent when the Debtors' false statements hindered the Trustee's investigation.
 
 CONCLUSION
 
 18
 The bankruptcy court's grant of summary judgment in favor of the Trustee is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3