No. 891

GENERAL CAS. & SURETY CO. v. SKIFF.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3025. Decided June 20, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

647. INSURANCE—1123. Subrogation—118. Automobiles—Where collision insurance policy provides for subrogation, company must pay claim before it can ge subrogated.

Error to Common Pleas.

Judgment affirmed.

C. M. Smith, Cincinnati. for General Cas. & Surety Co.

Sawyer & Pichel and Jos. P. Goodenough, Cincinnati. for Skiff.

## FULL TEXT.

CUSHING, J.

The action was to recover on a contract of automobile insurance. One of the provisions of the policy was to pay the loss or damage caused by collision. The collision occurred January 3, 1925.

The defendant insurance company in its answer admits that it issued a collision insurance contract to the plaintiff; that the policy contained the following provision: "The Company shall be subrogated to the extent of its payments, to all rights which the assured may have against any person, partnership, corporation, or estate as respects payments made under this policy, and the assured shall execute all papers required to secure the Company such rights."

In its answer, the Company stated that on or about April 24, 1925, defendant declared its readiness, willingness, and ability to pay the reasonable value of the automobile so destroyed, etc.

The language of the policy, that the Company shall be subrogated to the extent of its payment is a binding provision of the contract. It did not tender payment. It did not present any paper that it desired to have executed, and under the plain terms of its contract, it was bound to pay before it would be subrogated.

In this view of the case, the judgment of the Court of Common Pleas will be affirmed.

(Hamilton, PJ., concurs. Buchwalter, J., not participating.)