**ISBELL et al.; Ohio Department of Human Services, Appellant,**

**v.**

**KAISER FOUNDATION HEALTH PLAN et al., Appellees.**

[Cite as *Isbell v. Kaiser Found. Health Plan* (1993), 85 Ohio App.3d 313.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64192.

Decided March 8, 1993.

*Jean M. McQuillan* and *William L. Greene,* for plaintiffs.

*Lee Fisher,* Attorney General, and *Robert J. Byrne,* Assistant Attorney General, for appellant.

*Gallagher, Sharp, Fulton & Norman, John B. Robertson* and *Beverly A. Harris,* for appellees.

*Per Curiam.*

Intervenor-appellant Ohio Department of Human Services ("ODHS") appeals from a judgment of the trial court granting a directed verdict in favor of defendants-appellees Kaiser Foundation Health Plan, Kaiser Foundation Hospitals and Ohio Permanente Medical Group (collectively, "defendants") and dismissing ODHS's complaint for subrogation.

Plaintiffs Bonnie Sue and Danny Isbell filed a complaint in the trial court against defendants for medical malpractice and loss of consortium February 4, 1991. ODHS subsequently filed a motion to intervene as an additional plaintiff asserting statutory subrogation rights based on "approximately $70,000" in Medicaid payments allegedly made to defendants for medical care on behalf of Bonnie Sue Isbell. The trial court granted the motion of ODHS to intervene in an order journalized March 17, 1992. The complaint filed by ODHS raised claims against defendants only and raised no cross-claim against plaintiffs to recover the Medicaid payments.

The case proceeded to a ten-day jury trial commencing June 30, 1992. During the course of the proceedings, the trial court granted defendants' motion for directed verdict against ODHS. The jury subsequently returned a verdict in favor of plaintiffs Bonnie Sue and Danny Isbell against defendants in the amount of $750,000 and $500,000 respectively.

Appellant ODHS timely appeals raising the following sole assignment of error:

"The court erred by granting a directed verdict against the Ohio Department of Human Services when counsel for the department was absent by leave of the court and counsel for the department could have overcome the motion for directed verdict had he been informed of the pending motion."

Appellant ODHS contends the trial court improperly granted a directed verdict in favor of defendants pursuant to Civ.R. 50(A)(4). Civ.R. 50(A)(4) provides as follows:

"(4) When Granted on the Evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Defendants note that to warrant submitting a subrogation claim to the jury, ODHS as the subrogor must produce evidence to demonstrate the following, *viz.:* (1) that its subrogee, plaintiff Bonnie Sue Isbell, was entitled to recover

from defendants; (2) ODHS made payments on behalf of its subrogee Bonnie Sue Isbell to defendants; (3) these payments were proximately caused by defendants' negligence; and (4) the total dollar amount of these payments, citing *Aetna Cas. & Sur. Co. v. Hensgen* (1970), 22 Ohio St.2d 83, 51 O.O.2d 106, 258 N.E.2d 237. It is well established that a trial court has the duty not to submit an issue to the jury when sufficient evidence to establish each element of a claim has not been presented. *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 23 O.O.3d 115, 430 N.E.2d 935; *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896; *Bentley v. Stewart* (1992), 71 Ohio App.3d 510, 594 N.E.2d 1061.

■ Based upon our review of the record *sub judice,* we conclude the trial court properly granted a directed verdict against the ODHS on its subrogation claim for two reasons. First, the Hamilton County Court of Appeals has held that Medicaid payments are collateral source benefits which are neither recoverable by medical malpractice plaintiffs nor by the ODHS on a statutory subrogation claim from medical malpractice defendants. *Holaday v. Bethesda Hosp.* (1986), 29 Ohio App.3d 347, 29 OBR 475, 505 N.E.2d 1003. Since medical malpractice plaintiffs cannot recover the amount of such expenses from medical malpractice defendants, the ODHS failed to demonstrate its right to subrogation as required by subsection (1) above as a matter of law. *Id.* The fact that plaintiffs obtained a substantial jury verdict against defendants does not establish that plaintiffs did in fact recover the amount of these Medicaid benefits from defendants.

Although the Ohio Supreme Court has recently distinguished *Holaday* in the context of Medicare Schedule A benefits by finding that such Medicare A payments are recoverable by malpractice plaintiffs from malpractice defendants, the court did not question the *Holaday* holding concerning the nonrecoverability of Medicaid payments. *Hodge v. Middletown Hosp. Assn.* (1991), 62 Ohio St.3d 236, 239–240, 581 N.E.2d 529, 531–533.

■ Moreover, even if Medicaid benefits were otherwise recoverable by the ODHS from medical malpractice defendants in this context, the record demonstrates ODHS produced no evidence concerning the amount of medical bills paid on plaintiffs' behalf resulting from defendants' negligence. ODHS has failed to file a complete verbatim transcript or other record of the evidence presented during the ten-day trial to enable this court of appeals to review the trial court's directed verdict on this issue. Based upon our review of the partial transcript and record *sub judice,* ODHS has failed to demonstrate the trial court erred in granting a directed verdict for defendants against ODHS. Accordingly, absent exemplification of error by specific references to the partial record, this court must presume regularity of the proceedings and affirm the judgment of the trial court. *Gonda v. Window Sys., Inc.* (June 19, 1986), Cuyahoga App. No. 50528,

unreported, 1986 WL 6964; *Tyrrell v. Invest. Assoc., Inc.* (1984), 16 Ohio App.3d 47, 16 OBR 50, 474 N.E.2d 621.

The record *sub judice* contains absolutely no evidence concerning the amount of any medical payments made by ODHS to defendants on behalf of plaintiff Bonnie Sue Isbell. The only evidence elicited by ODHS in the transcript, through cross-examination of plaintiff's expert, Dr. Pitluk, was that numerous medications became necessary to combat various post-operative conditions resulting from defendants' failure to timely diagnose and treat Bonnie Sue Isbell's tumor. Although this testimony can be construed to satisfy the third element of plaintiff ODHS's subrogation claim, the record contains no evidence to satisfy the second and fourth elements, *viz.*, ODHS neither made payments to defendants on behalf of its subrogee Bonnie Sue Isbell nor the dollar amount of such payments. As a result, ODHS failed to establish its subrogation claim as a matter of law. *Gen. Cas. & Sur. Co. v. Skiff* (App.1927), 5 Ohio Law Abs. 805.

ODHS concedes that it failed to introduce any medical bills or other evidence to establish the amount, if any, of Medicaid payments made by the ODHS on behalf of Bonnie Sue Isbell, but contends the trial court should nevertheless have granted ODHS an opportunity to produce such proof prior to ruling on defendants' motion for a directed verdict. ODHS argues that it did not attend each day of the entire ten-day trial due to other commitments and intended to introduce such evidence prior to the anticipated close of all the evidence, but the trial concluded earlier than expected.

The partial transcript certified by the trial court to this court of appeals reveals the following colloquy concerning defendants' motion for directed verdict:

"THE COURT: Anything on behalf of the defendants?

"[DEFENSE COUNSEL]: Yes, your Honor. As a matter of record I'd like to make a motion to direct the verdict as respects the claim of the Ohio Department of Human Services of their subrogated claims for medical expenses, inasmuch as there has been no testimony in this record that establishes which amounts are indeed attributable to the alleged negligence of these defendants, if any.

"THE COURT: The Court is in mystery as to why the Department of Human Services hasn't, you know, prosecuted its claim in this Court's opinion correctly.

"The Court notes that there's absolutely no evidence that's been submitted by either side, including the Department of Human Services, as to what amount, if any, the jury should award the Department of Human Services on its Medicaid claim, and I can't leave the jury to utter in sheer speculation as to a figure.

"And therefore, the defendant's motion for a directed verdict as to the claim of the Ohio Department of Human Services is granted, which just leaves plaintiffs Bonnie Isbell and Dan Isbell versus the three Kaiser defendants."

The trial court thereafter journalized an order granting defendants' motion for directed verdict and dismissed the complaint of ODHS on July 10, 1992.

ODHS has attached an affidavit to its appellate brief which purports to incorporate one page of comments made by the trial judge on June 30, 1992 recognizing that ODHS would not be present each day during trial. However, this court cannot consider affidavits and other matters attached for the first time to an appellate brief which were not properly certified as part of the trial court's original record and submitted to the court of appeals. *See Middletown v. Allen* (1989), 63 Ohio App.3d 443, 579 N.E.2d 254. Moreover, even if we considered these materials, the trial court's comments merely indicate ODHS would not be present during the entire trial and cannot be construed in any way to support the argument of ODHS as undertaking an obligation by the trial court to inform ODHS of the status of the trial proceedings. The record demonstrates ODHS made neither a subsequent motion for a new trial nor a motion to reopen the case to enable it to present evidence concerning its payment of Bonnie Sue Isbell's medical bills in the case *sub judice*. Cf. *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.* (1984), 16 Ohio App.3d 342, 16 OBR 391, 476 N.E.2d 388.

Accordingly, appellant ODHS's sole assignment of error is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., BLACKMON and KRUPANSKY, JJ., concur.