Appellant, James Helfrich, appeals from a decision of the Ohio Court of Claims that granted appellee's, state of Ohio, motion to dismiss pursuant to Civ.R. 41(B)(2). Appellant sets forth the following assignment of error:
 Appellant is requesting his case be retried due to a blatant mistrial in a Court with a predetermined ruling as well the Court denied the Appellant discovery.
Although appellant has failed to file a transcript, the facts are not disputed by the parties. Appellant was discharged from his employment with Metal Container Corporation in 1996. Following a grievance filed on appellant's behalf of his union, a federal arbitrator ordered him reinstated to his position of employment with full pay and no loss of benefits. In April 1996, appellant applied to the Ohio Bureau of Employment Services ("OBES") for unemployment compensation. The administrator of OBES determined appellant was discharged for just cause and denied unemployment benefits. Appellant requested reconsideration of the administrator's decision and benefits were again denied; that decision was affirmed by the Ohio Unemployment Compensation Board of Review ("unemployment board").
Appellant then appealed to the Licking County Court of Common Pleas, Helfrich v. Metal Container Corp. (May 14, 1997), Licking C.P. No. 96 CV 00478, unreported, which found that appellant's conduct in tape recording a conversation was against company policy and, therefore, he was discharged for just cause. Hence, the court found the unemployment board's decision was not unlawful, unreasonable or against the manifest weight of the evidence. That decision was affirmed by the Fifth District Court of Appeals in Helfrich v. Ohio Bur. of Emp.Serv. (Oct. 23, 1997), Licking App. No. 97-CA-49, unreported. Apparently, no appeal was taken to the Ohio Supreme Court.
In February 1997, appellant filed a claim in the Ohio Court of Claims, alleging:
 The Plaintiff applied for unemployment benefits in April of 1996. However to date has not received them. The Defendants blatantly and repeatedly violated the O.R.C. 4141. causing denial of benefits directly causing such hardship on the Plaintiff.
 Defendants violation of the O.R.C. 4141 are as follows, but not limited to:
 No allowing witnesses that were suspended to testify at Plaintiff Hearing.
 Not using the authority and responsibility allowed them to accept documents the day of hearing.
Failure to review this case objectively.
 Failure to meet deadlines as stated in the O.R.C. 4141.
A trial was held July 6, 1998, and the trial court granted appellee's motion to dismiss pursuant to Civ.R. 41(B)(2). In his assignment of error, appellant argues the trial court erred in dismissing his claim as he established a prima facie case of negligence on the part of OBES in denying his claim for unemployment benefits.
Although the record contains exhibits introduced by appellant at trial, including a transcript of the hearing at OBES, appellant has failed to file a copy of the trial transcript. The duty to provide a transcript rests with appellant and, in the absence of a transcript, we must presume the validity of the lower court's proceedings. Columbus v. Hodge (1987),37 Ohio App.3d 68. Although appellant has presented a portion of the transcript, this does not make it part of the record, as it has not been properly certified as part of the trial court's original record and submitted to this court. Isbell v. KaiserFound. Health Plan (1993), 85 Ohio App.3d 313.
Civ.R. 41(B)(2) provides:
(B) Involuntary dismissal: effect thereof.
* * *
 (2) Dismissal; non-jury action. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. * * *
In a case tried without a jury, the trial court is the trier of fact and is to weigh the evidence. A dismissal, pursuant to Civ.R. 41(B)(2) will not be set aside unless it is incorrect as a matter of law or is against the manifest weight of the evidence. Johnson v. Tansky Sawmill Toyota, Inc. (1994),95 Ohio App.3d 164. In its decision, the trial court states in part:
 * * * Plaintiff testified that defendant failed to review his claim for unemployment compensation in a fair and objective manner. However, the evidence presented at trial consisted of depositions, hearing transcripts, and other evidence that was, or could have been, presented in plaintiff's case before the Ohio Unemployment Compensation Review Commission, and subsequent appeals from the commission's determination. This court does not have the jurisdiction to review the prior determinations regarding plaintiff's unemployment compensation claim.
Appellant contends the trial court improperly dismissed his complaint because it erroneously determined it lacked jurisdiction to hear claims of negligence against the state; however, the Court of Claims was established to hear such actions. R.C. 2743.02. Appellant misreads the trial court's decision.
No matter how appellant characterizes his claim for relief, he is, in fact, seeking a determination that OBES erred in denying his claim for unemployment benefits. It makes no difference that appellant now alleges OBES was "negligent" because the hearing officer was unqualified or biased or denied him a right to present witnesses; the claims appellant puts forward, although categorized as negligence, could and should have been raised through the administrative appeals from the unemployment board decision. Appellant had a remedy through the administrative appeal process set forth in R.C. 4141.28, and further appeals to the court pursuant to R.C. Chapter 119. The fact that appellant was unsuccessful in that process does not create a claim for relief for negligence. Thus, the trial court did not err in dismissing the complaint for lack of subject-matter jurisdiction.
Appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
KENNEDY and DESHLER, JJ., concur.