[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff Ruth Marshall's automobile was struck from behind by a vehicle driven by defendant-appellee Rahim Polnett. Polnett's liability insurance carrier, Allstate Insurance Company ("Allstate"), offered Marshall $45,000 in full settlement of all claims. Marshall notified her underinsured-motorist insurance carrier, defendant-appellant Grange Mutual Casualty Company ("Grange"), of Allstate's offer. Grange advanced Marshall $45,000 and instructed her to file suit. Allstate's offer of settlement was rejected.
Marshall filed suit. Grange, as subrogee, prosecuted Marshall's claims against Polnett to recover the $45,000 advanced to Marshall. Prior to trial, Polnett filed a motion in limine, requesting that the trial court preclude the presentation of evidence concerning (1) the existence of Polnett's liability insurance; (2) any offers of compromise or settlement made on behalf of Polnett; and (3) the $45,000 advanced to Marshall by Grange. The trial court granted Polnett's motion.
At trial, Polnett admitted liability. The question of whether the accident proximately caused Marshall's injuries was tried to a jury. The jury returned a verdict in favor of Polnett, determining that Marshall's injuries were not attributable to the automobile accident. Grange has appealed.
Grange's sole assignment of error alleges:
 The trial court committed prejudicial error by refusing to allow defendant-appellant Grange Mutual Casualty Company to present to the jury evidence of the amount of money advanced to its insured as well as its reasons for so doing.
Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401; see Thompson v. Webb
(Dec. 23, 1999), Hamilton App. No. C-990027, unreported. Evidence that is not relevant is not admissible. Evid.R. 402; seeCincinnati v. Chavez Properties (1996), 117 Ohio App.3d 269,690 N.E.2d 561.
Payment is generally an element of a subrogation claim. SeeIsbell v. Kaiser Foundation Health Plan (1993), 85 Ohio App.3d 313,619 N.E.2d 1055, citing Aetna Cas. Sur. Co. v.Hensgen (1970), 22 Ohio St.2d 83, 258 N.E.2d 237. However, in this case, the only issue at trial was whether Marshall's injuries were proximately caused by the accident with Polnett. Evidence concerning the $45,000 advanced by Grange to Marshall was irrelevant to the issue of proximate cause, because it did not have a tendency to make the existence of any fact of consequence to the question of whether Marshall's injuries were caused by the accident more probable or less probable than it would have been without the evidence. Therefore, the evidence was inadmissible.[1]
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R.27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and GORMAN, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 9, 2000
per order of the Court.
Presiding Judge
[1] We note that the deposition of Raul Florez, M.D., is missing from the record. The envelope purporting to contain Dr. Florez's deposition contains the deposition of Ruth Marshall. The missing deposition is not relevant to our disposition of the assignment of error.