DECISION
This is an appeal by appellant, Paula Strong, from judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling objections to magistrate's decisions and adopting the magistrate's decisions granting permanent custody of three of appellant's children to Franklin County Children Services for the purpose of adoption.
Paula Strong is the mother of four children by four different fathers. Only three of the children are involved in this action for permanent custody. On April 21, 1998, Franklin County Children Services (hereafter "FCCS") filed a complaint, alleging that the agency had received a referral stating that the mother had left her children alone for over two hours while she went to the "CS Lounge on E. 5th Avenue." The complaint alleged that this incident constituted the twelfth referral on the mother, and that the mother "has a history of removing her children from FCCS placement."
The children were placed in the temporary custody of a family friend. In June 1998, a magistrate of the trial court found that the children were neglected and dependent, and the court placed the children under the supervision of FCCS. The children were subsequently returned to their mother.
In December 1998, the magistrate issued an order again placing the children in the temporary care of FCCS because the mother was incarcerated. The children were placed in foster care during this time. On March 5, 1999, the mother was released from incarceration, and she filed a motion on March 17, 1999, requesting the court to terminate the order of temporary custody to FCCS. The mother's motion was subsequently dismissed at her request.
On March 3, 2000, FCCS filed a motion for permanent custody. The matter came for hearing before a magistrate on November 7, 2000. On November 21, 2000, the magistrate filed a decision, granting the request of FCCS to place the children in the permanent custody of the agency for the purpose of adoption.
The magistrate's decision contained the following findings. On April 21, 1998, FCCS received an emergency order of custody after the children, Tiera, Roshawn and Kiera, were found alone at home in the middle of the night. The mother had left them alone so that she could go to the store for personal care products. The mother was convicted of child endangerment as a result of her actions, and she was placed on probation.
In December 1998, FCCS again took custody of the children when the mother was sentenced for attempted forgery. The mother tried to make her own arrangements for the children to avoid having them under the custody of FCCS. The mother indicated that a friend, Rachel, would take care of the children, and FCCS approved of the arrangement. FCCS later discovered, however, that the children were actually with an uncle, an arrangement FCCS did not deem appropriate.
The mother was released from incarceration in March 1999. At the time of the hearing, the mother was still on probation for the attempted forgery offense. The mother missed numerous appointments with her probation officer in June and July 1998. As of September 1998, the mother had not completed all her parenting classes. The mother's probation rules require compliance with the case plan and specifically with parenting classes, and substance abuse counseling is required as well.
The mother's lack of contact with her probation officer and her failure to complete parenting classes resulted in a warrant being issued in May 1999. Warrants for alleged violations were also issued in January and August 1999. As of October 1999, the mother's failure to document any completion of the "SAGE" program for substance abuse was noted by her probation officer.
The magistrate noted that the mother admitted a problem with marijuana to FCCS personnel, although the mother did not believe that her usage was a proper issue in this case. In 1998, when the children were staying with the mother, she maintained her housing only because FCCS paid her rent when she fell behind on payments. The magistrate noted that the mother's current housing is through Metropolitan Housing, based upon the condition that the children are living with her. The magistrate found that the mother, by refusing to sign a release for FCCS to speak with Metropolitan Housing, hid the fact that she has never had the children residing in her current home.
The mother's source of income through Social Security Disability has been terminated, and the mother testified that she was not sure how she qualified for those benefits for a number of years. The magistrate found that the mother has never had stable employment, a requirement under the case plan. The magistrate concluded that the mother's performance on the case plan has been "very inconsistent," including matters relating to visitation, substance abuse programming, urine screens, employment requirements and parenting classes. The magistrate noted that the mother's failure to complete parenting classes in a timely manner violated her probation rules.
The mother was involved with six substance abuse assessments by three different organizations, CompDrug, the Columbus Health Department and Neighborhood House. Out of twenty-eight drug screens given to the mother by FCCS, the mother completed eight screens, and four of those screens returned positive results. The mother's latest screen from August 2000 tested positive for marijuana.
The magistrate found that the mother's visits with her children have been "sporadic." When in-home visits were terminated on July 17, 2000, the mother failed to attend supervised visitations for three months. Problems arose when the children were with the mother. Roshawn, age six in 1998, had severe behavioral problems at school, and Kiera, who was nearly three in the fall 1998, had problems with verbal communication. Despite the fact that FCCS scheduled appointments to have Kiera assessed, the mother failed to take the child to the appointments. The magistrate concluded that removal of the children from the mother "helped these children immensely." The magistrate found that Roshawn is on medication and is behaving "far better in foster care than he did when at home," and that Kiera is in speech therapy and Head Start, and is doing very well.
The magistrate found there was clear and convincing evidence showing that the children had been in the custody of FCCS for twenty-three consecutive months, and that they cannot be placed with the mother within a reasonable time and should not be placed with the mother. The magistrate further concluded that it had been shown by clear and convincing evidence that it was in the best interest of the children to terminate the parental rights.
On December 5, 2000, counsel for the mother filed objections to the magistrate's decision. On September 6, 2001, the magistrate filed an entry appointing new counsel for the mother. On October 18, 2001, the mother's newly appointed counsel filed amended objections to the magistrate's decision.
By judgment entry filed November 13, 2001, the trial court overruled the mother's objections to the magistrate's decision. By judgment entry filed November 14, 2001, the trial court adopted the decision of the magistrate.
On appeal, appellant sets forth the following three assignments of error for review:
ASSIGNMENT OF ERROR NUMBER 1
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF APPOINTED COUNSEL IN THE PROCEEDINGS IN THE TRIAL COURT, WHICH PREJUDICED HER ABILITY TO DEFEND AGAINST THE PERMANENT CUSTODY MOTION.
ASSIGNMENT OF ERROR NUMBER 2
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION IN THAT THE TRIAL COURT'S DECISION FAILED TO COMPLY WITH THE MANDATES OF JUV.R. 40 AND OHIO CASE LAW CONCERNING A TRIAL COURT'S TREATMENT OF OBJECTIONS TO A MAGISTRATE'S DECISION.
ASSIGNMENT OF ERROR NUMBER 3
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HER OBJECTIONS TO THE MAGISTRATE'S DECISION IN THAT THERE WAS INSUFFICIENT EVIDENCE IN THE RECORD FOR THE MAGISTRATE TO FIND THAT THE MOTION WAS PROVED BY CLEAR AND CONVINCING EVIDENCE AND IN THAT THE MAGISTRATE'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Under her first assignment of error, the mother contends that she was denied effective assistance of appointed counsel. The mother notes that she was represented by two different court-appointed attorneys in defending against the motion for permanent custody filed by FCCS. The mother contends that many of the deficiencies regarding the performance of her prior attorneys are not reflected in the record, and she has attached an affidavit to her appellate brief asserting various alleged incidents of deficient performance. The mother also asserts that her original counsel's deficiencies are shown by the attorney's request for a continuance on the first day of hearings, and by problems with objections filed by counsel that did not contain a memorandum in support. The mother argues that her later appointed counsel was deficient in failing to file amended objections until the morning of the hearing, and that the objections lacked a supporting memorandum.
The Ohio Supreme Court has adopted the two-part test of Strickland v. Washington (1984), 466 U.S. 668, in determining ineffective assistance claims; under this test, "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
Regarding appellant's attachment of an affidavit to her appellate brief, this court "cannot consider exhibits, affidavits, or `other matters attached for the first time to an appellate brief which were not properly certified as part of the trial court's original record and submitted to the court of appeals.'" State v. Pingor (2001), Franklin App. No. 01AP-302, quoting Isbell v. Kaiser Found. Health Plan (1993),85 Ohio App.3d 313, 318. See, also, Middletown v. Allen (1989),63 Ohio App.3d 443, 449 ("Affidavits attached to an appellate brief cannot be considered as part of the record on appeal").
As to counsel's request for a continuance on the date of hearing, the record indicates that the request was based upon counsel's concern that "there seems to be a discrepancy between something my client is telling me and something the Agency is is saying as a matter of record. And I would like an opportunity to go after that information on my own without relying on my client's bringing it." (Tr. Nov. 7, 2000, at 6.) More specifically, counsel stated, "I have a client who tells me that she submitted far more drug screens than the Agency has and that they're clean." (Tr. Nov. 7, 2000, at 7.) In response, the guardian ad litem argued before the trial court that the issues raised "will either be brought out or not" through testimony at the hearing. (Tr. Nov. 7, 2000, at 8.) Counsel for FCCS also indicated that the issues raised by counsel for the mother "could be determined at trial." (Tr. Nov. 7, 2000, at 10.)
Upon review, we find no indication that the mother was prejudiced by the court's denial of the continuance. As noted by FCCS, testimony was adduced at trial from the mother regarding her drug use, and exhibits were entered into evidence addressing the number of drug screens involving the mother. Further, the hearing began on November 7, 2000, and testimony was taken that day and the following day, and the matter was then recessed until November 13, 2000. Thus, the mother had time to assist her counsel in bringing evidence to refute the allegations of FCCS. The mother failed to show a discrepancy on this issue, and we note that the mother has failed to indicate on appeal what additional evidence might have been presented on this issue.
We also find no prejudice to the mother based upon the contention that objections filed by either of her counsel failed to contain an accompanying memorandum in support. We agree with FCCS that, although the mother's initial objections, filed December 5, 2000, did not contain a specific section entitled "memorandum in support," the objections were lengthy and specific. In the amended objections, counsel asserted that there was insufficient evidence to support the magistrate's decision and order, and counsel reincorporated the averments as set forth in the original objections. The mother's suggestion that the trial court may not have fully considered the amended objections because they were filed on the morning of the hearing on objections is mere conjecture and is not supported by the record. The judgment entry of the trial court overruling the objections notes that newly appointed counsel appeared at the hearing, and the entry further states that counsel asserted during the hearing that FCCS failed to provide clear and convincing evidence of the required statutory elements to grant permanent custody.
Upon review, we find nothing in the record to support the mother's contention that she was prejudiced by the actions of her counsel. Accordingly, the mother's first assignment of error is overruled.
Under her second assignment of error, the mother asserts that the trial court made certain errors with respect to its treatment of the mother's objections to the magistrate's decision. The mother again asserts, as she did under the first assignment of error, that it is doubtful that the trial court considered the mother's amended objections since they were filed on the date of the hearing. We have previously addressed this issue, noting that the trial court's decision references counsel's remarks during the hearing, including counsel's assertion that there was a lack of clear and convincing evidence to support the grant of custody to FCCS. The claim raised by counsel was the same contention counsel raised in the amended objections, and similar to issues raised in the original objections. Thus, we find unpersuasive the mother's argument that it is doubtful the trial court considered the amended objections.
The mother also suggests that the trial court may not have reviewed the transcripts, based upon the fact that the court's decision was dated the same day as the objections hearing. Upon review, we find unpersuasive the mother's contention on this issue. The transcripts were filed prior to the hearing on objections, and the trial court's decision states that the court "has reviewed the Magistrate's Decision of November 21, 2000 and the transcript of said hearing." An appellate court is guided by a presumption of regularity in the proceedings before the trial court. Huffer v. Chafin (2002), Licking App. No. 01 CA 74. In light of the trial court's explicit affirmation that it reviewed the transcript, and given the presumption of regularity of the proceedings below, the mother has failed to demonstrate that the trial court failed to review the transcripts.
Accordingly, the mother's second assignment of error is overruled.
Under her third assignment of error, the mother argues that the trial court erred in overruling the objections to the magistrate's decision based upon the mother's contention that there was insufficient evidence to support the decision and that the decision was against the manifest weight of the evidence.
In In re Jordan (2002), Summit App. No. 20773, the court noted that:
 Termination of parental rights is an alternative of last resort, but is sanctioned when necessary for the welfare of a child. * * * Before terminating parental rights and awarding a moving agency permanent custody of a child, who is neither abandoned nor orphaned, the juvenile court must find clear and convincing evidence of both prongs of the statutory test: (1) that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent or that the child has been in the temporary custody of the agency for more than twelve of the last twenty-two months and (2) that the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D). * * *
R.C. 2151.414(B)(1) provides in pertinent part:
 Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
* * *
 (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
In determining the best interest of a child, R.C. 2151.414(D) provides that the court is to consider all relevant factors, including but not limited to the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
In the present case, the magistrate found that there was clear and convincing evidence showing that, pursuant to R.C. 2151.414(B)(1)(d), the children had been in the custody of FCCS for over twelve months in the previous twenty-two month period. The magistrate also determined that there was clear and convincing evidence that it was in the best interest of the children to grant the agency's motion for permanent custody.
We note that the mother does not dispute the fact that the children had been in county custody for over twelve months in the previous twenty-two month period. The mother contends, however, that the court's finding that it was in the best interest of the children to grant the motion for permanent custody was against the manifest weight of the evidence. The mother also argues that the trial court's judgment entry fails to discuss the "best interests" factors.
We initially will consider the language of the trial court's entry overruling the mother's objections. Specifically, the court's findings provide as follows:
 The Court has reviewed the Magistrate's Decision of November 21, 2000 and the transcript of said hearing. The Court finds that the mother's love for her children is not in question but rather her commitment to her children, as well as her ability to provide for their basic needs. The Court adopts the Magistrate's Decision. The Court finds the Agency did provide clear and convincing evidence of the requirement in section 2151.414(B)(1)(D), as cited in the motion, in that the children have been in the custody of the Agency beyond the 12 or the 23 months. The Court finds that based on mother's own admission to CompDrug, she used marijuana on a daily basis from the period of March of 1998 to March of 2000. The Court finds that due to mother's incarceration on several occasions, including warrants from the months of January, May and August, as a result of mothe[r]'s failure to abide by the terms of probation that her lifestyle has been such that the children were unable to be in the care or custody of the mother twelve or more months for a consecutive twenty-two month period.
As previously noted, before terminating parental rights, a court must find clear and convincing evidence of both prongs of the statutory test, i.e., that the child has been in the temporary custody of the agency for more than twelve of the last twenty-two months, and that the grant of permanent custody to the agency is in the best interest of the child based upon an analysis of R.C. 2151.414(D). In re Jordan, supra. A review of the trial court's entry indicates that it failed to address the "best interests" argument raised in the mother's objections. Specifically, there is no mention of any of the factors under R.C. 2151.414(D), nor does the court's entry even make a reference to that statutory provision. We recognize that the magistrate's decision, which the trial court adopted, addresses the "best interest" factors. However, the trial court "is required by the statute to find, by clear and convincing evidence, that certain criteria have been met, and the court must state those findings on the record, such that it is clear to all parties that the decision is supported by the facts." In re Brown (1994),98 Ohio App.3d 337, 343. In the present case, even though the magistrate's "best interest" determination was challenged in the mother's objections, there is no indication from a review of the court's entry that it considered the statutory factors regarding that issue. On this issue, other courts have held that "the provisions of R.C. 2151.414(D) are mandatory and `must be scrupulously observed.'" In re Alexander (1997), Trumbull App. No. 96-T-5510, quoting In re Hommes (1996), Ashtabula App. No. 96-A-0017.
Given the seriousness and import regarding a trial court's decision to grant permanent custody to an agency, and even assuming there was evidence which would support a "best interest" finding, we conclude that the trial court's entry is deficient on its face to provide a meaningful review. Thus, we conclude that this matter must be remanded to the trial court in order for the court to issue findings addressing the factors under R.C. 2151.414(D). We make clear that we make no determination as to the merits of the mother's argument that there was a lack of evidence to support a "best interest" finding, and the arguments raised under the third assignment of error as to sufficiency and weight of the evidence are rendered moot at this time.
Based upon the foregoing, appellant's first and second assignments of error are overruled, appellant's third assignment of error is sustained to the limited extent provided above, and is otherwise rendered moot, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is reversed and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this decision.
Judgment reversed, and cause remanded.
BRYANT and LAZARUS, JJ., concur.