[Cite as *State v. Ray*, 2019-Ohio-1346.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107450**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JAMES RAY**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-17-620804, CR-17-620811-A, and CR-17-624128-A

**BEFORE:** Keough, J., Blackmon, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 11, 2019

**ATTORNEY FOR APPELLANT**

Zachary Humphrey
McDonald Humphrey
1220 West Sixth Street, Suite 203
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Kelly N. Mason
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, James Ray, appeals from the trial court's judgments, rendered after his guilty pleas in three cases, sentencing him to 11 and one-half years incarceration. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} After a confidential, reliable informant made several controlled drug buys from Ray, Cleveland police detectives executed a search warrant at his apartment on January 17, 2017. Ray's apartment was in a building that housed a small grocery store on the first floor and two apartments on the second floor. Immediately prior to executing the search warrant, detectives who were surveilling the building observed Ray drive away; they stopped him to detain him as

the target of the search warrant. The officers saw two bags of heroin in plain view on the floor of Ray's car, and arrested him for drug possession and driving under suspension.

{¶3} When informed the police had a search warrant for his apartment, Ray offered to cooperate. Although the warrant was for the west apartment, Ray told the officers he lived in the east apartment of the building and used his key to open that apartment. As the officers searched the apartment, the actual renter appeared and asked the police why they were in his apartment. After learning they were in the wrong apartment, the police searched the west apartment, where they found heroin, scales, a gun, a magazine for the gun, and personal papers belonging to Ray. Ray's three-year-old daughter and girlfriend were in the home when the warrant was executed.

{¶4} In April 2017, Ray was indicted in Cuyahoga C.P. No. CR-17-613556 on two counts each of felony drug trafficking and drug possession, and one count of possessing criminal tools. All counts carried forfeiture specifications; the trafficking and possession counts also carried firearm specifications, and the trafficking counts carried a juvenile specification. Ray posted bond on this case.

{¶5} In September 2017, Ray was indicted in Cuyahoga C.P. No. CR-17-620811 on one count each of retaliation and vandalism. This indictment arose from events that occurred in June and July 2017, while Ray was out on bond, after the grocery store owner told Ray that he was being evicted from his apartment. Ray damaged a store display and threatened the store owner, and then caused approximately $21,000 of damages in his apartment.

{¶6} Ray was also indicted in September 2017 in Cuyahoga C.P. No. CR-17-620804 on three counts of drug possession, two counts of drug trafficking, and possessing criminal tools for

offenses that occurred in August 2017. All counts carried forfeiture specifications; the possessing-criminal-tools offense also carried a firearm specification.

{¶7} On December 11, 2017, Ray and his court-appointed counsel appeared for trial on the three cases. Ray told the judge that he wanted different counsel because his counsel was "trying to avoid a trial." Ray said that counsel had visited him three times that week to persuade him to accept the state's plea offer, which would have resolved all three cases with an agreed sentencing range of four to seven years. Ray told the court that "she's not working in my best interest" and is "trying to get me to take pleas that I'm not comfortable with." Ray said that his appointed counsel had also told him that he would not win the suppression motion she had filed. Defense counsel confirmed with the court that she had spoken with Ray multiple times about the plea offer.

{¶8} The court noted that this was Ray's second appointed lawyer; his first appointed counsel had withdrawn after Ray went capias on the first case and did not appear for court. When Ray asked if the judge was "going to force" him to keep his court-appointed counsel, the judge noted that Ray had been indicted some eight months earlier and had many months to retain counsel. Ray told the judge that he and his family were trying to retain counsel.

{¶9} The prosecutor then told the judge that in preparing for trial, he had the heroin found in Ray's apartment retested and learned upon retesting that it weighed well over 100 grams, which would subject Ray to a major drug offender specification and a mandatory 11 years in prison. The prosecutor said that the state intended to reindict Ray on Cuyahoga C.P. No. CR-17-613556 to include the major drug offender specification.

{¶10} The judge then told Ray that he would continue the trial date, and that if Ray was going to hire a new lawyer, he should do it soon.

{¶11} Subsequently, the state dismissed Cuyahoga C.P. No. CR-17-613556, and Ray was reindicted in Cuyahoga C.P. No. CR-17-624128 to include the major drug offender specification on the drug trafficking and drug possession charges.

{¶12} On April 13, 2018, the parties appeared for a final pretrial. Ray had not retained counsel, and appeared with his court-appointed counsel. When the court asked whether there had been any plea discussions, Ray's counsel informed the court that the state had offered a global resolution of the three cases with an agreed sentencing range of four to seven years. Counsel stated that she had reviewed the evidence with Ray and advised that he should resolve the cases with the plea offer, but that Ray did not want to accept her advice and insisted upon going to trial. Counsel also confirmed with the court that she had filed motions to suppress in Cuyahoga C.P. No. CR-17-624128 regarding the search conducted in Ray's apartment and the stop of his vehicle.

{¶13} Ray then told the judge that he did not want to continue with his court-appointed counsel because she had told him "countless times" that he would lose at trial. Ray said "she sound[s] like she's not ready for trial" because "there's no way" he would lose at trial because he was not at the apartment when the heroin was found, and did not live there. Ray told the judge that he would rather represent himself than continue with his court-appointed counsel.

{¶14} After observing that it was curious Ray had not told his lawyer about his alleged alibi, the judge set the matter for a hearing on the motions to suppress and stated that it would deal with the self-representation issue after the suppression hearing.

{¶15} On April 16, 2018, the court held a hearing on the motions to suppress. Before the hearing began, Ray told the court that he did not want his court-appointed lawyer to represent him at the suppression hearing. When the court asked Ray if he wanted to represent himself,

Ray responded that he needed additional time to procure counsel. The judge told Ray that he was not going to appoint new counsel at this late date and that Ray "was playing games at this point" because his case had already been pending for over a year.

{¶16} The prosecutor then reiterated the state's plea offer to resolve all three cases with an agreed sentence of four to seven years, but stated that if the motions to suppress were denied after a hearing, the state's offer would no longer be available to Ray.

{¶17} After a hearing, the court denied the motions to suppress and set a new trial date. When the judge asked Ray if he wanted to represent himself at trial, Ray responded that he was satisfied with his court-appointed lawyer. Ray stated, "I was wrong. She represented me for the suppression trial [sic], so she can represent me for trial."

{¶18} At the final pretrial, however, Ray appeared with retained counsel, who informed the court that he was trying to resolve the cases without a trial. On the day of trial, Ray entered guilty pleas in the three cases. In Cuyahoga C.P. No. CR-17-624128, the state deleted the major drug offender specifications, and Ray pleaded guilty to one count of first-degree felony drug trafficking with firearm and juvenile specifications; one count of third-degree felony drug trafficking with firearm and juvenile specifications; one count of fourth-degree felony drug trafficking with firearm and juvenile specifications; one count of first-degree felony drug possession with a firearm specification; one count of fifth-degree felony drug possession with a firearm specification; and one count of fifth-degree felony possessing criminal tools. In Cuyahoga C.P. No. CR-17-620804, Ray pleaded guilty to one count of fourth-degree felony drug trafficking; one first-degree misdemeanor count of attempted drug possession; and one fifth-degree felony count of possessing criminal tools, with a firearm specification. In Cuyahoga C.P.

No. CR-17-620811, Ray pleaded guilty to one fourth-degree felony count of vandalism. The remaining counts were nolled.

**{¶19}** At sentencing, the trial court sentenced Ray to an aggregate term of 11 and one-half years incarceration, ordering that the sentences in the three cases were to run consecutively. This appeal followed.

## II. Law and Analysis

### A.    Substitute Appointed Counsel

**{¶20}** In his first assignment of error, Ray contends that the trial court violated his Sixth Amendment right to counsel by refusing to appoint substitute counsel.

**{¶21}** The Sixth Amendment to the U.S. Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right * * * to have the assistance of counsel for his defense." An indigent defendant has a right to competent representation by his court-appointed attorney, but he has no right to the counsel of his choice and, therefore, must demonstrate good cause to warrant substitution of counsel. *State v. Reed*, 8th Dist. Cuyahoga No. 102729, 2016-Ohio-291, ¶ 20, citing *State v. Cowans*, 87 Ohio St.3d 68, 72, 717 N.E.2d 298 (1999).

**{¶22}** The right to counsel must be balanced against the court's authority to control its docket, as well as it awareness that "a demand for counsel may be utilized as a way to delay the proceedings or trifle with the court." *State v. Vaughn*, 8th Dist. Cuyahoga No. 87245, 2006-Ohio-6577, ¶ 18, citing *United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir. 1988). Accordingly, if after inquiry the court finds a defendant's grievances unfounded or unreasonable, it may still require the trial to proceed without substitution of counsel. *State v. Dykes*, 8th Dist. Cuyahoga No. 86148, 2005-Ohio-6636, ¶ 10.

**{¶23}** The Sixth Amendment does not guarantee rapport or a meaningful relationship between client and counsel. *State v. Henness*, 79 Ohio St.3d 53, 65, 679 N.E.2d 686 (1997). Thus, hostility, disagreement over trial tactics, tension, or personal conflicts between attorney and client that do not interfere with the preparation and presentation of a competent defense are insufficient to justify a change in appointed counsel. *Dykes* at ¶ 7. In order to demonstrate the good cause necessary to warrant removing court-appointed counsel and substituting new counsel, the defendant must show a breakdown in the attorney-client relationship of such magnitude so as to jeopardize the defendant's Sixth Amendment right to effective assistance of counsel. *State v. Coleman*, 37 Ohio St.3d 286, 292, 525 N.E.2d 792 (1988).

**{¶24}** A trial court's decision regarding substitution of counsel is reviewed under an abuse-of-discretion standard. *Cowans*, 87 Ohio St.3d at 73, 717 N.E.2d 298. The term "abuse of discretion" implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032.

**{¶25}** Ray contends that he established good cause for the appointment of substitute counsel because appointed counsel pressured him to accept the state's plea offer despite his reluctance to do so, and because counsel told him that he would not win on the suppression motions or at trial. Ray contends that counsel's advice to take the plea deal and her belief he could not win at trial demonstrates that counsel could not advocate zealously on his behalf, and thus was good cause for the court to appoint substitute counsel. Ray's argument is without merit.

**{¶26}** "'A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism.'" *Cowans* at 73, quoting *McKee v. Harris*, 649 F.2d 927, 932 (2d Cir.1981). "If the

rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice." *Id.*

{¶27} In this case, there was no conflict between Ray and his court-appointed lawyer that prevented her from presenting and preparing an adequate defense; Ray simply did not like appointed counsel's honest advice. Counsel apparently told Ray there was little likelihood the evidence in his case would be suppressed and, therefore, it would be unwise for him to go to trial, where the jury would hear evidence that the police found 160 grams of heroin, scales, and a gun in his apartment. Likewise, the jury would hear evidence that Ray had retaliated upon his landlord when he was evicted, and that he had continued to traffic drugs while he was out on bond. Accordingly, counsel recommended that he accept the state's plea offer.

{¶28} As subsequent events demonstrated, counsel's advice was prescient. The trial court denied the motions to suppress, as predicted. Furthermore, because Ray did not accept the state's initial plea offer, the state reindicted Ray in Cuyahoga C.P. No. CR-17-624128 to add major drug offender specifications, and when Ray ultimately decided to plead guilty after retaining counsel, he was sentenced to eleven and one-half years incarceration instead of the four to seven years he would have received if he had accepted the plea deal recommended by appointed counsel.

{¶29} Ray did not demonstrate the type of breakdown in the attorney-client relationship that would prevent appointed counsel from representing him in keeping with his Sixth Amendment rights. Furthermore, as the trial court noted, Ray's requests for substitute counsel appeared to be a delay tactic. Ray made his first request to substitute counsel on the day of trial (which was later continued), and his second request when his case had already been pending for over a year. And even though Ray told the court after the suppression hearing that appointed

counsel would represent him at trial, he retained new counsel, which necessitated another continuance of trial. The trial court did not abuse its discretion in denying Ray's requests for substitute appointed counsel.

{¶30} The first assignment of error is overruled.

**B.     Consecutive Sentences**

{¶31}   In his second assignment of error, Ray contends that the trial court erred in ordering that the sentences in the three cases be served consecutively because it did not make the required findings under R.C. 2929.14(C)(4) to impose consecutive sentences.

{¶32} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4).     *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22.   Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.   In addition, the court must find that any one of the following applies:

> (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

> (2) at least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

> (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶33} In order to impose consecutive terms of imprisonment, a trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the

sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at the syllabus.

{¶34} Here, in imposing consecutive sentences, the trial court stated;

I'll note again that the second two cases occurred while you were on bond, and I am going to order that Cases 620811 and 620804 and 624128 all run consecutive. A total sentence of 11 and a half years is not disproportionate to the crime here. There was 160 grams of heroin, you know, enough to kill a small community. You have a prior criminal history, and the sentence is necessary to protect the public from further drug dealing.

{¶35} Ray contends that the trial court's findings were insufficient to impose consecutive sentences because the court did not find that consecutive sentences are not disproportionate to the danger he poses to the public. Ray contends that the trial court found only that consecutive sentences were not disproportionate to the seriousness of his conduct. Ray's argument is without merit.

{¶36} Although a court must make the separate and distinct findings required by R.C. 2929.14(C)(4), it is not required to give a "talismanic incantation of the words in the statute" to satisfy its obligation to make its findings. *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 30, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177,16 N.E.3d 659, at ¶ 37. A word-for-word recitation of the statute is not required; as long as the reviewing court can discern that the trial court engaged in the correct analysis and the record contains evidence to supports the findings, consecutive sentencing should be upheld. *Evans* at *id.*

{¶37} In this case, the trial court made the separate and distinct findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. The trial court specifically found that consecutive sentences were necessary to protect the public from further drug dealing by Ray. It also found that a sentence of 11 and one-half years was not disproportionate to the crimes Ray had committed (i.e., the seriousness of his conduct). And although the trial court did not use the

explicit language of the statute, it found that consecutive sentences were not disproportionate to the danger Ray poses to the public when it noted that there were 160 grams of heroin in Ray's apartment, "enough to kill a small community." Last, the court found that Ray had a criminal history, and that he had committed the offenses in two of the cases while he was out on bond from the first case.

**{¶38}** Because the trial court made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences, the second assignment of error is overruled.

## C.     Ineffective Assistance of Retained Counsel

**{¶39}** In his third assignment of error, Ray contends that his retained counsel was ineffective, in violation of his Sixth Amendment right to effective assistance of counsel, because counsel encouraged Ray to plead guilty in exchange for a plea offer that did not exist. Specifically, Ray contends that even though the state never revived its original plea offer, counsel assured Ray that upon his guilty pleas, the state had agreed to recommend a cumulative sentence of four to seven years incarceration.

**{¶40}** To support his argument, Ray attached to his appellate brief his own affidavit, as well as affidavits from two individuals who averred that retained counsel assured them that the plea offer included a sentencing range of four to seven years. An appellate court cannot consider exhibits, affidavits, or other matters attached to an appellate brief that were not properly certified as part of the trial court's original record. *Isbell v. Kaiser Found. Health Plan*, 85 Ohio App.3d 313, 318, 619 N.E.2d 1055 (8th Dist.1993); App.R. 9(A). Because Ray first filed the affidavits with his appellate brief, they are not part of the record and we cannot review them on appeal. They may, however, be a proper basis for a petititon for postconviction relief, should Ray choose

to file such a petition. *See* R.C. 2953.21(A)(1)(a). The third assignment of error is therefore overruled.

{¶41} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR